Samuel C. Conwell

*v.*

Reuben Thompson.

1.   Evidence—*proceedings and decree in another suit.*   The record of proceedings in a suit in chancery is not even *prima facie* evidence in favor of one of

the parties thereto against another, in a proceeding at law, where, as between those parties, in the chancery suit, in which they were co-defendants, there was nothing litigated.

2. SAME—*of a judgment in the same proceeding.* A creditor instituted proceedings by attachment against three; judgment *in personam* was obtained against one, and a judgment *in rem* against the others. On *scire facias* to make the latter parties to the personal judgment, to which a plea of *non-assumpsit* was interposed, going back to the original cause of action, it was *held*, that neither the judgment *in personam* against the other party, nor the judgment *in rem* against the defendants in the *scire facias*, was evidence against the latter in that proceeding, as to the amount due.

APPEAL from the Circuit Court of Mason county ; the Hon. CHARLES TURNER, Judge, presiding.

The facts sufficiently appear in the opinion.

Messrs. LACEY & WALLACE, for the appellants.

Mr. B. S. PRETTYMAN, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

At the October term, 1863, of the Mason Circuit Court, the appellee, Thompson, commenced a suit in attachment, against Conwell, the appellant, McGowen and Walker. A personal judgment was rendered against McGowen, and a judgment *in rem* against Conwell and Walker. A *scire facias* has since been sued out against Conwell and Walker, to make them parties to the judgment *in personam* against McGowen, and on the trial, judgment was rendered against them for the amount unpaid. From that judgment Conwell has appealed.

It appears certain lands of McGowen were sold under the original judgment to an amount which satisfied it, but the sale was subsequently in part set aside. After this sale, McGowen filed a bill in chancery, against the appellant, the appellee and Walker, alleging he had paid the judgment, and

asking that a certain mortgage, given by the appellant to the appellee, to secure the note on which the judgment had been obtained, should be foreclosed for the benefit of McGowen, as he had signed the note and paid the judgment as surety for appellant. Appellant and appellee were brought in by publication, and a decree passed against them by default. At a subsequent term, appellee petitioned that the decree be opened, and he be allowed to defend. This was done, and on a final hearing the court set aside the first decree, and found the sum of $1,063.52 still due appellee on the judgment. On the trial of the *scire facias* now before us, the court permitted this record to be read in evidence, for the purpose of showing the amount still due on the judgment, and gave the jury an instruction which they would understand as meaning that this finding was conclusive between the parties to this suit, and they accordingly rendered a verdict for $1,063.52. For this purpose the evidence was not admissible, and the instruction was erroneous.

The appellant and appellee, the contending parties in the present suit, were both defendants in the chancery proceeding. The appellee filed no cross-bill therein, making the appellant a party. These parties litigated nothing in that suit, and though the finding of the court, in its decree, that McGowen owed appellee $1,063.52, would be conclusive against McGowen, until set aside or reversed, yet it would not even be *prima facie* evidence against appellant. McGowen had obtained a decree for the foreclosure, for his benefit, of appellant's mortgage to appellee. Appellant acquiesced in the decree, but appellee procured it to be opened so far as related to his interests, and set aside. It is true, he gave appellant notice of his intention to petition the court for that purpose, but that did not make appellant a party defendant in such proceedings. Appellee was seeking no decree against him. Appellant may have been indifferent whether McGowen or appellee should receive the benefit of his mortgage, and therefore declined to appear further in the litigation. We are

wholly at a loss to conceive on what ground the finding of the court on this petition, which involved only a controversy between McGowen and appellee, should be evidence against appellant. It is sufficient to say there was nothing litigated between him and appellee.

The court also instructed the jury, if we rightly construe the language used, that the original judgment against McGowen was to be considered evidence against appellant of the amount due, except so far as said judgment had been paid. This was error. One of the pleas, going back to the original cause of action, was *non-assumpsit*, and on the issue thus made, neither the judgment *in rem* against appellant, nor the judgment *in personam* against McGowen, was evidence.

For these errors the judgment must be reversed and the cause remanded.

*Judgment reversed.*