and as equitable a conclusion as is possible in such a case.

The decrees are affirmed.

*Affirmed.*

MR. JUSTICE DIBELL took no part in this decision.

---

## Patrick J. Ryan et al., Appellees, v. Michael C. Hayes, Appellant.

### Gen. No. 5,851.   (Not to be reported in full.)

Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914. Rehearing denied October 8, 1914. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Patrick J. Ryan and Catherine Burns, as administratrix of the estate of J. Frank Tyrrell, deceased, against Michael C. Hayes and others to foreclose a trust deed which on its face secured a note for $6,000 and two notes for $12,500 each. The bill alleged that the $6,000 note was the property of plaintiffs and that the two other notes were the property of other party defendants. Defendant Hayes answered admitting the execution of the notes and trust deed but denying any present indebtedness therein, and averring that there was no consideration for said notes except $3,000 received by him on said $6,000 note. He filed a cross-bill alleging usury and fraud. Issues were presented by the pleadings and the cause submitted to a master in chancery. The master made a report recommending a decree dismissing the cross-bill and granting the relief prayed in the original bill. From a decree entered on the finding with certain modifications, defendant Hayes appeals.

ALANSON C. NOBLE and QUIN O'BRIEN, for appellant.

PHILIP S. BROWN, WILLIAM F. WEISS and GEORGE W. FIELD, for appellees.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 471*—*when not res adjudicata as between co-parties.* A decree in a former suit is not *res adjudicata* as between codefendants where under the pleadings in such suit such rights could not be finally adjudicated.

2. ATTORNEY AND CLIENT, § 91*—*application of law protecting client in dealings with attorney.* The law protecting a client in his dealings with his attorneys concerning property which is the subject-matter of the litigation has much less application to cases in which the questions are not concerning matters in which the attorneys have superior knowledge and in which the client naturally trusts his lawyers, but are concerning business propositions of which the client knows more than his attorneys and in which he would naturally exercise his own judgment.

3. ATTORNEY AND CLIENT, § 92*—*when contract with client as to attorneys' fees are unfair.* Evidence *held* sufficient to sustain a finding that attorneys in dealing with their client acted in good faith in contracting for attorneys' fees which appeared excessive for the services performed, it appearing that the compensation was not to be payable in money but of property of doubtful value.

4. APPEAL AND ERROR, § 1512*—*when irregular acts of court harmless.* Action of chancellor after overruling exceptions to the master's report in changing on his own motion, some of the findings and striking out some of the allegations in the pleadings, *held* irregular but not prejudicial.

WHITNEY, J., took no part in this decision.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.