(Nos. 13733-13734.—Decree affirmed.)

GRACE RENFRO *et al.* Plaintiffs in Error, *vs.* CYRUS E. HANON *et al.* Defendants in Error.—GRACE RENFRO *et al.* Plaintiffs in Error, *vs.* W. G. GREGORY *et al.* Defendants in Error.

### *Opinion filed April 21, 1921.*

1. LIMITATIONS—*after title to minerals is severed, possession of surface.does not carry with it possession of minerals.* After the title to minerals has been severed by deed, possession of the surface under a will purporting to devise the whole property does not carry with it the possession of the minerals in place under the surface, as separate estates are created by the severance which are held by separate and distinct titles, and each estate is incapable of possession by the mere occupancy of the other.

2. RES JUDICATA—*adversary parties, only, are concluded by decree.* Parties on the same side of a litigation are not bound by a judgment or decree in subsequent controversies between each other respecting their rights unless they have formed or contested an issue respecting the same which the judgment or decree has determined, and if no issue between co-defendants in an adversary proceeding is presented or adjudicated the decree is not evidence in favor of either party against the other.

3. PARTITION—*all parties to partition suit are adversary parties and are bound by decree determining their interests.* In a partition suit every person having an interest is to be made a defendant, and all parties to the record, whether complainants or defendants, are adversary parties in the sense that each is bound to make known his rights and to have his interests determined by the decree, and all are bound by such a decree when entered.

4. SAME—*judgment of Supreme Court directing dismissal of bill for partition is not res judicata of respective rights of defendants.* A judgment of the Supreme Court reversing and setting aside a decree for partition and directing the circuit court to dismiss the bill is an adjudication against the complainant's right to maintain the bill but is not *res judicata* as to the respective rights of the defendants, as in such case there is no partition and no adjudication of their rights.

WRITS OF ERROR to the Circuit Court of Hardin county; the Hon. CHARLES H. MILLER, Judge, presiding.

297—23

JOHN C. OXFORD, and H. ROBERT FOWLER, for plaintiffs in error.

JAMES A. WATSON, for defendants in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiffs in error filed in the circuit court of Hardin county a bill for the partition of the minerals, coal, oils, gases and other mineral substances underlying the southeast quarter of the northwest quarter of section 4, and another bill for the partition of the minerals, coal, oils, gases and all other mineral substances underlying the northwest quarter of the northeast quarter of section 4, in township 12, south, range 9, east, in Hardin county. They alleged in each bill that they were tenants in common of the land sought to be partitioned with the defendants named in such bill, all of whom derived title through the will of Richard Palmer, and that other persons made defendants in both bills claimed title to the property through an alleged deed of Palmer and wife, but they had no title and their claim of title had been adjudicated against them. The bills prayed that such claim should be removed as a cloud upon the title of complainants, and the controversy related to the validity of the title claimed under the deed from Palmer and wife. Those defendants who claimed under that deed answered setting up their title, and the evidence concerning the same being identical in the two suits they were consolidated by stipulation. Upon a hearing the bills were dismissed at the cost of the complainants, who have brought the record to this court by writs of error.

The complainants by their bills claimed legal title to the minerals under the will of Richard Palmer and also title by limitation, and that their title had been adjudicated by this court. The common source of the alleged legal title was Richard Palmer, who on December 16, 1873, together

with his wife, in consideration of $1200, conveyed by deed to R. N. Barbour all the coal, lead, oil, silver, gold, rock, fluids, ores, metals and all other minerals of every description found in and upon the two 40-acre tracts in question, with the right to mine and remove the same, reserving five acres around the dwelling house to be free from mining operations. Palmer died on July 17, 1874, leaving a last will and testament, by which he devised the lands by the government description, together with other lands, and the complainants claimed through that will. The complainants failed to prove the legal title alleged, which was in the defendants, who had succeeded to the same under the deed to Barbour.

The complainants also claimed title under the seven year Statute of Limitations by possession and payment of taxes under color of title. The will of Richard Palmer was held to be color of title to these lands in *Baldwin* v. *Ratcliff*, 125 Ill. 376, and those claiming under the will had had possession of the surface for the requisite length of time to bar adverse claims. It was alleged in the bills that the minerals and surface in both tracts were assessed together until 1909, when the minerals in each tract were fraudulently assessed separately, and in June, 1911, and again in 1918, they were sold for taxes; that a tax deed was issued in 1913 on the first sale, and the complainants redeemed from the sale made in 1918. Regardless, however, of any question of payment of taxes, it was necessary to prove possession of the minerals, and there could be none in law after the severance. The title to the minerals was severed by the deed from Richard Palmer and wife to R. N. Barbour, and where that is the case the possession of the surface does not carry with it the possession of minerals in place under the surface. By a severance separate estates are created, which are held by separate and distinct titles, and each estate is incapable of possession by the mere occupancy of the other; and this is so even if the instrument

constituting color of title purports to convey the whole property, as the will of Palmer did. (*Catlin Coal Co.* v. *Lloyd,* 176 Ill. 275; *Catlin Coal Co.* v. *Lloyd,* 180 id. 398; *Lloyd* v. *Sandusky,* 203 id. 621.) As a matter of fact, a milling company deriving title from Barbour carried on mining operations in the northwest quarter of the northeast quarter in 1907, 1908 and 1909. The company built a mill on the premises and mined and removed fluorspar and lead, and worked from three to thirty men in the mining operations. Disregarding that fact, however, title could not be acquired under the Limitation act without possession, and there could be no possession after the severance of the estates. The complainants did not prove title under the Statute of Limitations.

The remaining question is whether the decision of this court in the case of *Baldwin* v. *Ratcliff, supra,* was *res judicata* against the title claimed under the deed to Barbour. In 1883 George W. Ratcliff filed in the circuit court of Hardin county his bill for the partition of the two 40-acre tracts in question and other lands, claiming an undivided interest derived through heirs-at-law of Wiley R. Palmer, who was the father of Richard Palmer and died intestate. The widow and children of Richard Palmer, to whom the lands had been devised, were made defendants, and Frank S. Barbour, who had acquired the title conveyed to R. N. Barbour, was also a defendant. Those defendants claiming through Richard Palmer by their answer set up possession with color of title and payment of taxes for more than seven years under the will of Palmer alleged to be color of title. Frank S. Barbour answered that he was the owner of the southeast quarter of the northwest quarter and the northwest quarter of the northeast quarter under a master's deed on the foreclosure of a trust deed executed by R. N. Barbour. The court found that the complainant and the devisees of Richard Palmer were tenants in common of the lands described in the bill, and found that Frank

S. Barbour had no title in or to any portion of the lands unless it was to the minerals contained in the undivided interest owned by Richard Palmer in his lifetime, and ordered partition between the complainant and the devisees. The defendants sued out a writ of error from this court to reverse the decree, and the court decided that the possession of Palmer from 1865 or 1866 until his death, in 1874, was adverse to the other tenants in common, and his possession having been adverse, the possession of his widow and children, who derived title from him by devise upon his death, was also adverse, and that their possession, with payment of taxes for nine years under his will, which was color of title, barred by limitation the title of Ratcliff; therefore the decree was reversed and the cause remanded, with directions to the circuit court to dismiss the bill. The adjudication was that Ratcliff had no title and had no right to partition, but nothing was decided respecting the rights and interests of the defendants as among themselves.

The general rule is that parties on the same side of a litigation are not bound by a judgment or decree in subsequent controversies between each other respecting their rights, unless they have formed or contested an issue respecting the same and the judgment or decree has determined such rights. The only parties concluded by a decree are adversary parties, and the matter determined must be in issue between them either by the pleadings or in fact. If no issue between co-defendants in a chancery suit is presented and adjudicated the decree is not evidence in favor of either party against the other. (*Conwell* v. *Thompson,* 50 Ill. 329; *Gouwens* v. *Gouwens,* 222 id. 223; *Dempster* v. *Lansingh,* 244 id. 402; 23 Cyc. 1279; 15 R. C. L. 1013.) A suit for partition is exceptional to some extent in the fact that a cross-bill or formal issue between defendants is not required. This is because in such a suit every person having an interest is to be made a defendant, and all parties to the record, whether complainants or defendants, are

adversary parties in the sense that each one is bound to make known his rights and to have his interest determined by the decree, and all are bound by the decree when entered. (*Loomis* v. *Riley,* 24 Ill. 307; *Lang* v. *Clemens,* 107 id. 133; *Chapman* v. *Chapman,* 256 id. 593.) Frank S. Barbour answering the bill of Ratcliff alleged that he was the owner of the two 40-acre tracts in question and thereby made his claim known. The circuit court found that Ratcliff was a tenant in common with the devisees of Richard Palmer, and as to Frank S. Barbour found that he had no interest unless it was in the minerals in the undivided interest of the devisees of Palmer. By the judgment of this court the decree was reversed, annulled and set aside and the circuit court was directed to dismiss the bill. Manifestly, if the bill for partition had been dismissed by the circuit court in the first instance the suit would have been ended and nothing determined except that Ratcliff could not maintain a bill for partition, and the result was the same when dismissed under the mandate of this court. The decree was reversed, annulled and set aside and ceased to be an adjudication as to any party or for any purpose. The judgment was an adjudication against the title claimed by Ratcliff and his right to partition, but nothing was adjudged between the defendants. If a partition had been ordered by this court it would have been necessary to find the interests of all parties, and the judgment would have been final and conclusive as to the interest of every party to the suit under the practice in partition. The judgment was not *res judicata* as to the respective rights of the defendants for the reason that the direction was merely to dismiss the bill, and the bill being dismissed there could be no partition and consequently no adjudication of the respective rights of the defendants.

The conclusion of the circuit court was correct and the decree is affirmed.          *Decree affirmed.*