## Hattie Lawler, Plaintiff in Error, v. Joseph C. Schilling et al., Defendants in Error.

Opinion filed June 1, 1928.

ROBERT FERDINAND TUNNELL, for plaintiff in error.

MCHALE & MCHALE, for defendants in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Plaintiff in error will be referred to as complainant, and defendants in error as defendants. Complainant filed a bill to foreclose a mortgage upon certain real estate in St. Clair county. The bill averred that on April 13, 1910, Harry Atwood was indebted to the complainant in the sum of $500 and that he executed his note therefor payable in one year after date with interest at 6 per cent, and that on August 8, 1910, he executed a mortgage on the said premises to secure the payment of the said note. The original bill made Atwood and his wife defendants thereto. The bill was afterwards amended by averring upon information

and belief that Joseph C. Schilling and Mary E. Schilling claimed to have some interest in the premises, or some part thereof, which interest, if any, has accrued subsequent to the lien of the mortgage, and the said Schillings were made defendants to the bill as amended.

Joseph C. Schilling and Mary E. Schilling filed a plea to the effect that on March 6, 1914, a bill was filed in the circuit court of St. Clair county by one Louis Deppe, executor of the last will and testament of William Deppe, deceased, to foreclose a mortgage on the same property described in the complainant's bill, naming Harry Atwood and Lulu Atwood, who are codefendants in this cause, and Hattie Kennedy, now Lawler, was served with process and appeared and filed her answer therein, wherein she disclaimed any interest, right or title of any kind whatsoever in the premises in question in said suit, either by a certain mortgage for $500 or otherwise; that a decree was entered in said cause, filed August 10, 1914, in which decree it was adjudged and found: "That the defendant, Hattie A. Kennedy, now Hattie A. Lawler, has no interest whatsoever in the premises herein described, either by reason of her mortgage for $500.00 executed and delivered to her or otherwise." The plea proceeds to aver that the said decree was final and fully determined the rights of the said Hattie Lawler under and by virtue of the same mortgage upon the same premises herein mentioned and described in this suit and sought to be again foreclosed, and that said decree has remained in full force and effect, and defendants plead the same to the whole of the bill and demand the judgment of the court as to whether they ought to be compelled to make any further answer, etc.

The plea was set for hearing and the court held it was sufficient to present a complete defense and bar to the suit. Thereupon the bill was dismissed at complainant's costs.

It will be observed that the Schillings were not parties to the foreclosure suit in which it is alleged the said decree was entered, nor is there any showing that they were in privity with any person who was a party to that proceeding, nor is there any showing that any issue was made and determined between Hattie Lawler and the Atwoods in that suit.

The general rule is that parties to a decree are not bound by it in subsequent controversies between each other unless they are adversaries in the action wherein the decree was rendered. 15 R. C. L. 1013; *Conwell v. Thompson,* 50 Ill. 329; *Renfro v. Hanon,* 297 Ill. 353. But if coparties defendant form issues between themselves, and the court, by its decree, settles their adverse interests, the decree will be *res judicata* in a subsequent suit between them. *Baldwin v. Hanecy,* 204 Ill. 281.

A partition suit is an adversary proceeding and an exception to the general rule above stated. In such a case the decree is binding upon all parties to the suit, even codefendants. *Chapman v. Chapman,* 256 Ill. 593; *Renfro v. Hanon, supra.* But in a foreclosure suit the only parties concluded by the decree are those who are adversary parties. To be such parties an issue must have been joined and a determination of such issues must have been made by the court before the decree will be *res judicata.* The decree will not have that effect upon codefendants who are not adversary parties. *Gouwens v. Gouwens,* 222 Ill. 223; *Ryan v. Hayes,* 190 Ill. *App.* 208; *Youngquist v. Hunter,* 227 Ill. App. 152. In the two cases last cited certiorari was denied by the Supreme Court.

The plea in question was a plea of former adjudication and under the authorities above cited it was insufficient and the court erred in its ruling thereon. The decree is reversed and the cause remanded for further proceedings.

*Reversed and remanded,*