First National Bank of Chicago, Appellant, v. Stella
L. Counselbaum, Appellee.

Gen. No. 42,726.

Opinion filed December 13, 1943.

AMBERG, LIVINGSTON, KEARNS & DAHLIN, of Chicago,
for appellant; RALPH J. MOHAN and ROBERT G. APPEL,
both of Chicago, of counsel.

ROTHBART & ROSENFIELD, of Chicago, for appellee;
J. M. ROSENFIELD, of Chicago, of counsel.

Mr. Justice Niemeyer delivered the opinion of the court.

Plaintiff appeals from a judgment for defendant in an action to recover the amount due on certain second mortgage bonds and interest coupons, tried before the court on a stipulation of facts. The only issue in the trial court and here is whether plaintiff's action is barred by its failure to assert its claim against defendant in two foreclosure suits upon a first mortgage covering the same property as that covered in the second mortgage securing the bonds and coupons involved herein.

From the stipulation of facts and the answer of the defendant it appears that plaintiff is the legal holder and owner of 45 bonds of $1,000 each, and the interest coupons relating thereto, executed and delivered by defendant on or about May 1, 1928 and secured by junior mortgage trust deed of that date; that Gabriel Dunkleman, owner and holder of one of the bonds secured by a first mortgage trust deed executed by defendant and conveying the premises described in the junior mortgage trust deed securing payment of the bonds and coupons held by plaintiff, filed a bill for the partial foreclosure of the lien of the first mortgage trust deed, making the parties hereto defendants to that suit; that plaintiff appeared and made proof of its ownership of the bonds and coupons; that a decree of partial foreclosure was entered in which plaintiff was found to be the owner of the bonds involved in this suit; that plaintiff neither asked for nor was granted any relief; that defendant herein was served with summons in that suit; that on a sale of the premises under the decree the full amount due plaintiff in the foreclosure proceeding was bid and no deficiency decree was taken against defendant; that thereafter the Chicago Title & Trust Co., as trustee under the first mortgage trust deed, instituted suit against defendant herein to foreclose the first mortgage trust deed, that

defendant was personally served with summons, that plaintiff was made a defendant to the suit and on April 18, 1932 entered its appearance and filed its answer claiming ownership of the bonds and coupons on which the present action is based; that plaintiff asked for no affirmative relief and none was granted to it; a decree of foreclosure and sale was entered and after sale a deficiency decree of $86,135.78 was entered November 29, 1939 in favor of the Chicago Title & Trust Co., as trustee.

The parties hereto were codefendants in the foreclosure proceedings which defendant relies upon. The rule as to the effect of judgments or decrees in subsequent controversies between coparties is stated in *Renfro v. Hanon,* 297 Ill. 353, as follows (p. 357) : ''The general rule is that parties on the same side of a litigation are not bound by a judgment or decree in subsequent controversies between each other respecting their rights, unless they have formed or contested an issue respecting the same and the judgment or decree has determined such rights. The only parties concluded by a decree are adversary parties, and the matter determined must be in issue between them either by the pleadings or in fact. If no issue between co-defendants in a chancery suit is presented and adjudicated the decree is not evidence in favor of either party against the other. (*Conwell v. Thompson,* 50 Ill. 329; *Gouwens v. Gouwens,* 222 id. 223; *Dempster v. Lansingh,* 244 id. 402; 23 Cyc. 1279; 15 R. C. L. 1013.) '' This rule was applied in circumstances almost identical with those in the present case in *Gouwens v. Gouwens,* 222 Ill. 223, cited above, and very strongly relied upon by plaintiff. In that case two foreclosure proceedings were interposed as a defense to a bill by the plaintiff, wife of the mortgagor, to restrain the levy, etc., of the judgment executions on the premises involved in one of the foreclosure proceedings. For present purposes it is not necessary to refer to the facts

in the foreclosure proceeding involving property other than that levied on. The judgment creditors, together with the mortgagor-owner of the premises and his wife, were parties defendant; each judgment creditor filed an answer setting up the recovery of his judgment and asking that any surplus arising from the sale of the premises should be applied toward the payment of the judgments; a decree of foreclosure was entered finding the amounts due upon the trust deed and the judgments; the judgments were found to be concurrent liens on the premises, subject to the lien of the trust deed; foreclosure and sale were decreed and it was ordered that if there should be any deficiency the master should report the amount, and if there should be any surplus he should hold it subject to the order of the court; the property sold for exactly the amount due upon the trust deed, and costs; subsequently the wife acquired her husband's title to the property and redeemed from the sale; the judgment creditors then sought to realize their judgments by levy on the property involved in the foreclosure suit; the wife filed a bill to restrain the levy and other proceedings under the executions, making the judgment creditors parties defendant; the judgment creditors filed pleas setting up the foreclosure proceeding, and insisting that the decree therein was *res judicata* of the lien of the judgments upon the property. The Supreme Court reversed the order of the trial court sustaining these pleas and dismissing the bill, and said (230, 231): ''It is undoubtedly proper for persons claiming liens who are made defendants to a foreclosure suit to set up their claims by their answers and to make proof of the facts upon which they claim the liens, but unless there is a surplus after satisfying the mortgage debt there is nothing to litigate as between co-defendants who claim nothing except a right to participate in such surplus. The only parties concluded by a decree are adversary parties, and the matter determined must be

in issue between them. Parties on the same side of a foreclosure suit are not concluded, as against each other, if no issue between them was presented and adjudicated. Where nothing has been litigated as between co-defendants in a chancery suit the decree is not evidence in favor of either party against the other. (*Conwell v. Thompson,* 50 Ill. 329.) If there had been a surplus there would have been adverse interests between the judgment creditors claiming liens and the mortgagor, and the decision of that question by the court would have been an adjudication of such adverse interests. Manifestly, when the judgment creditors answered in the foreclosure suit that they had liens, neither the complainant nor her husband could have filed a cross-bill or entered into litigation with their co-defendants as to the existence of their liens. The complainants would have no interest in that controversy, and the court would not listen to it when it could not be known that there would be any surplus to which the alleged liens would be transferred after the sale.''

In the present case, as in the *Gouwens* case, there being no surplus in the hands of the master as the proceeds of the foreclosure sales, there was never a time in the foreclosure proceedings when an issue arose between plaintiff and defendant. Defendant insists that the *Gouwens* case is no longer controlling because that case ''was decided in 1906 when the present liberal pleading rules under the Illinois Civil Practice Act did not exist.'' The foreclosure proceeding brought by the trustee for the benefit of all bondholders was instituted and the appearance and answer of the plaintiff here, as defendant in that suit, was filed as early as April 1932, almost 20 months before the present practice act became effective. The deficiency decree was entered in 1939, but the record does not show when the decree of foreclosure and sale was entered. The partial foreclosure proceeding was concluded before the institu-

tion of the suit by the trustee. The provisions of the present practice act as to pleadings, including the right or duty to file counterclaims, did not apply to either of the foreclosure suits. Ill. Rev. Stat. 1943, ch. 110, par. 259.1 [Jones Ill. Stats. Ann. 105.01]. Under the former practice act it has been held repeatedly that the plaintiff in a foreclosure suit might, but was not obliged to, apply for a money judgment or deficiency when foreclosing. *Palmer v. Harris,* 100 Ill. 276; *Rohrer v. Deatherage,* 336 Ill. 450; *Lindheimer v. Supreme Liberty Life Co.,* 263 Ill. App. 524. We need not consider the construction placed by defendant upon *Skolnik v. Petella,* 376 Ill. 500. The parties to that cause were adversary parties in the foreclosure proceeding interposed as a bar, whereas the parties in the present case were codefendants in the proceedings interposed as a bar to this action.

Defendant insists that of the amount claimed by plaintiff, $22,200 was barred by the statute of limitations. Plaintiff admits this to be correct but states, and the record shows, that defendant's answer raised the defense of the statute of limitations to only $16,950. On remandment of the case defendant's answer may be amended in this respect.

The judgment of the municipal court is reversed and the cause remanded with directions to proceed in conformity with this opinion.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.