GEORGE AUGUSTUS POWERS and MACEL WELCOME POWERS, Plaintiffs-Appellees *v.* WILLIAM S. ELLIS, JR., Trustee in Dissolution for Kula Development Corporation, et al., Defendants, and HOWARD S. WHITNEY and EDITH G. WHITNEY, Defendants-Appellants

NO. 5580

FEBRUARY 2, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* This appeal is from a decree of foreclosure and an order of sale of the mortgaged property, as well as from an order denying adjudication of junior liens, entered in a mortgage foreclosure action. Appellants claim junior liens on the mortgaged property, acquired by assignment during the pendency of the litigation. Appellants became parties by substitution for defendants named in the complaint. Numerous procedural errors are alleged, chiefly related to Appel-

lants' efforts to obtain an adjudication, prior to the sale, of the validity of the claimed junior liens. Appellants contend that the refusal of the trial court to adjudicate their claims prior to sale and to permit an offset of such claims against a bid at the sale was reversible error. By dealing with this issue first, we will facilitate disposition of the procedural questions.

The decree of foreclosure in a mortgage foreclosure action extinguishes the liens of junior lienors who are parties. HRS § 667-3. Defenses to the foreclosure complaint are required to be pleaded by such junior lienor defendants and are adjudicated by the decree of foreclosure. The claims of such junior lienors to any surplus remaining after satisfaction of the senior mortgage, on the other hand, are to be pleaded as pure cross claims pursuant to HRCP Rule 13(g). Unless there is a surplus after satisfying the mortgage debt, these cross claims have only academic significance.

Prior to the advent of modern procedural rules, it had been held that the validity of junior liens could not be adjudicated prior to the foreclosure sale and ascertainment of the existence of a surplus. *Gouwens v. Gouwens,* 78 N.E. 597, 222 Ill. 223 (1906); *First National Bank of Chicago v. Counselbaum,* 51 N.E. 2d 1001, 320 Ill. App. 675 (1943); *Quinn v. Cox,* 250 P. 562, 31 Ariz. 80 (1926); *cf. Newton v. Gage,* 155 F. 598 (C.C.S.D. Cal. 1907). H.R.C.P. Rule 54(b) removes any doubt that the trial court could have adjudicated, prior to the foreclosure sale, the status of all junior liens affecting the mortgaged property in this case. However, issues between the junior lienors and the mortgagors, or among the junior lienors, were not of concern to the mortgagees. There is no doubt of the power of the court, under Rule 54(b), to enter a separate judgment on the foreclosure complaint, leaving the adjudication of the status of junior liens for later determination.[1] 3 Moore's Federal Practice ¶ 13.38[1] (2d ed. 1953). The refusal of the trial court to adjudicate Appellants' claims to junior liens on the mortgaged property was a proper exercise of its discretion and was not error.

---

[1] That the decree of foreclosure was a final judgment is conclusively determined by our prior opinion in this case, Powers v. Ellis, 55 Haw. 414, 520 P.2d 431 (1974).

Appellants are parties defendant in this case by way of substitution for defendants James and Souza. James had filed an answer on May 27, 1969. The Souzas had filed only an acceptance of service on March 18, 1970. No additional pleadings having been filed by Appellants, the action appears to have been removed to the United States District Court for Hawaii and subsequently remanded by that court to the circuit court.[2] Appellants claim to have filed in the federal court on April 19, 1973 an amendment of the James answer and the Souza acceptance of service, whereby Appellants joined in and adopted by reference the answer of defendant Ellis, the mortgagor, including certain affirmative claims contained therein. On the eve of trial, on May 30, 1973, Appellants attempted to file a "Republished Answer and Counterclaims", purportedly restating the answer and affirmative claims filed by defendant Ellis and adopted by Appellants by the pleading filed in the federal court. Leave to so amend Appellants' pleadings was denied by the trial court. Appellants concede that such denial is not subject to review except for abuse of discretion. Appellants participated in the trial and no showing is made that they were foreclosed from presenting any defense to the complaint. It is not explained how any counterclaim of defendant Ellis, other than such affirmative defenses as might serve to reduce the indebtedness or affect the lien of the mortgage, could inure to Appellants' benefit. We find no difficulty in holding that no abuse of the trial court's discretion has been shown.

The other asserted errors are either dependent on those dealt with above or require no discussion. Appellants have demonstrated no reversible error.

Affirmed.

*Helen B. Ryan (Ryan & Ryan* of counsel) for defendants-appellants.

*James S. Campbell (Edward A. Jaffe* and *Edward deL. Boyle* on the brief, *Cades Schutte Fleming & Wright* of counsel) for plaintiffs-appellees.

---

[2] References to this proceeding are contained in the record but authenticated copies of the pleadings are not present and we are not provided with a full history of the proceeding.