**THEO. H. DAVIES & CO., LTD., d/b/a Pacific Machinery, Plaintiff,**

v.

**LONG & MELONE ESCROW, LTD., and United States of America, Defendants.**

Civ. No. 94–00325 ACK.

United States District Court, D. Hawai'i.

Feb. 3, 1995.

Wesley H. Sakai, Jr., Scott I. Batterman, Bendet Fidell Sakai & Lee, Honolulu, HI, for Theo. H. Davies & Co., Ltd.

Frederick W. Rohlfing, III, Lorrie L. Stone, Richard A. Kersenbrock, Jr., Stubenberg & Durrett, Honolulu, HI, for Long & Melone Escrow, Ltd.

Michael Chun, Elliot Enoki, U.S. Attys. Office, Honolulu, HI, Thomas J. Sawyer, U.S. Dept. of Justice, Trial Atty., Tax Div., Washington, DC, for U.S.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

KAY, Chief Judge.

### FACTS

Charles D. Barton and Nanette A. Barton, husband and wife, held a one-third interest, as tenants by the entirety, in a parcel of property ("the property") registered with the Land Court of the State of Hawaii ("Land Court") pursuant to H.R.S. § 501. Associates Financial Services Company of Hawaii, Inc. ("Associates") held a first mortgage on the property, recorded May 20, 1988 with the Land Court.

On January 25, 1993, Defendant United States of America ("IRS") issued a Notice of Federal Tax Lien against Charles Barton. This lien was recorded at the Bureau of Conveyances of the State of Hawaii on February 9, 1993, pursuant to H.R.S. § 505–1. Subsequently, on July 23, 1993 and October 29, 1993, the IRS recorded two more tax liens against Barton with the Bureau. The total amount due on the federal tax liens was $97,320.

On May 19, 1993, Associates initiated a foreclosure action in the First Circuit Court of the State of Hawaii. Associates named the IRS in this action by reason that it may have an interest in the property because of the January 25, 1993 tax lien. Associates filed notice of this proceeding in the Land Court pursuant to H.R.S. § 501–151, Hawaii's *lis pendens* statute for property registered with the Land Court. The circuit court ordered foreclosure of the property on Sep-

tember 22, 1993. The order of foreclosure provided that the defendants in that action owed Associates $129,429.49, plus interest and ordered that the property be sold at foreclosure. The order further provided that the property would be sold "free and clear of all liens and encumbrances."

On November 18, 1993, Plaintiff Theo. H. Davies and Co. ("Davies") was awarded a judgment in the amount of $245,356.55 plus costs and attorneys' fees against Charles and Nanette Barton in the Second Circuit Court of the State of Hawaii. Davies recorded this award with the Land Court on November 18, 1993, pursuant to H.R.S. § 501–102.

The property was subsequently sold pursuant to the foreclosure action at public auction for $221,000. On January 31, 1994, the First Circuit Court of the State of Hawaii approved the sale and directed distribution of the proceeds, with the surplus proceeds to be distributed directly to the mortgagees. Accordingly, Charles and Nanette Barton's share of the surplus was $21,168.88. The state court order made no mention of the Internal Revenue Service or of Davies. Davies did not attempt to intervene or participate in the state action in any manner. Likewise, although the IRS was a party to the state action, it did not file a cross-claim or counterclaim for the proceeds of the sale of the property pursuant to its lien.

On March 2, 1994, the IRS served levy on the escrow agent holding the proceeds of the foreclosure sale, requesting the funds payable to the Bartons. On or around this same time, the IRS obtained the consent of Nanette Barton for the payment of the entire amount of the escrow proceeds to the IRS for application to her husband's tax liabilities. The escrow agency delivered a check in the amount of $21,168.88 to the IRS on March 3, 1994. On March 11, 1994, Davies sent a letter to the IRS, requesting that the IRS pay the $21,168.88 to Davies. The IRS refused Davies' request and the company filed this action pursuant to 26 U.S.C. § 7426.

## STANDARD OF REVIEW

Summary judgment shall be granted where there is no genuine issue of material fact and the moving party is entitled to judg-

ment as a matter of law. Fed.R.Civ.P. 56(c). One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The United States Supreme Court has declared that summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to his case where that party will bear the burden of proof of that essential element at trial. *Id.* at 322, 106 S.Ct. at 2552. "If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact [citations omitted], the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment." *T.W. Electrical. Serv. v. Pacific Elec. Contractors Assoc.,* 809 F.2d 626, 630 (9th Cir.1987). Instead, Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial. *Id.* At least some "significant probative evidence tending to support the complaint" must be produced. *Id.* Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir.1978).

The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict. *See Eisenberg v. Ins. Co. of North America,* 815 F.2d 1285, 1289 (9th Cir.1987), *citing, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Thus, the question is whether "reasonable minds could differ as to the import of the evidence." *Id.*

The Ninth Circuit has established that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir.1987). Moreover, the United States Supreme Court has stated that

"[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Indeed, "if the factual context makes the nonmoving party's claim *implausible*, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Franciscan Ceramics*, 818 F.2d at 1468 (emphasis original), *citing, Matsushita, supra*, 475 U.S. at 587, 106 S.Ct. at 1356. Of course, all evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party. *T.W. Elec. Services*, 809 F.2d at 630–31.

## DISCUSSION

### I.  *26 U.S.C. § 7426*

United States Code § 7426 grants persons, other than the person against whom the tax is assessed, the right to bring an action against the United States in a district court of the United States to return property wrongfully levied upon by the Internal Revenue Service. The person bringing the action must have an interest in or lien on the property levied against by the IRS. Accordingly, this Court only has jurisdiction over the present action if Plaintiff Davies has a valid interest in the surplus funds levied by the IRS.

### II.  *Davies Interest*

#### A.  *Priority*

■ Davies' judgment lien was filed subsequent to the government's tax lien and would normally be subordinate.[1] Davies claims, however, that the tax lien against Charles Barton was invalid because the property against which that lien was filed was held by the Bartons as tenants by the entirety. The Court agrees.

■ Under Hawaii law, the interest of a husband or a wife in an estate held as tenants by the entireties is not subject to the claims of his or her individual creditors during the lifetime of the other spouse. *Sawada v. Endo*, 57 Haw. 608, 612, 561 P.2d 1291 (1977). Likewise, no lien for the debts of one spouse may attach against entirety property while both spouses are alive because the individual does not hold a separate interest to which a lien could attach. *Id.* 561 P.2d at 614. To hold otherwise would permit a lien attachment to convert a tenancy by the entireties into a joint tenancy or tenancy in common.

Although the Hawaii courts have not directly addressed whether this rule applies to the tax liability of an individual, several federal courts that follow the same general rule against attachment of property held as tenants by the entirety have held that it does. *United States v. Hutcherson*, 188 F.2d 326, 330 (8th Cir.1951); *United States v. American National Bank of Jacksonville*, 255 F.2d 504, 507 (5th Cir.1958); *United States v. Nathanson*, 60 F.Supp. 193, 194 (E.D.Mich. 1945). Directly on point is the case of *American National Bank* in which the Fifth Circuit held that a mortgage lien on entirety property had priority over an earlier lien based on a husband's tax liability because the tax lien did not attach until the death of his wife.

The Bartons held their share in the property as tenants by the entirety. Because the tax liability was only assessed against Charles Barton, the tax lien could not attach to the Bartons' property. Davies' subsequent lien thus had priority over the IRS' tax lien.

■ The IRS argues that its lien was valid because it attached to the surplus proceeds, not the property held by the Bartons as tenants by the entirety. This argument is without merit. Under Hawaii law proceeds

---

1.  Although the subject property was registered with the Land Court, the IRS properly filed its tax lien in the Bureau of Conveyances pursuant to H.R.S. §§ 501–102, 505–1. Section 501–102, governing the attachment of encumbrances to land registered in the Land Court, specifically exempts federal tax liens. Recordation of tax liens is prescribed by § 505–1 which provides:

> Notices of liens for internal revenue taxes payable to the United States ... may be recorded in the bureau of conveyances.

from the sale of property held as tenants by the entirety are likewise held as entirety property. *Estate of David Au,* 59 Haw. 474, 478, 583 P.2d 966 (1978).

■ Finally, the IRS contends that because Nanette Barton consented to its receipt of the proceeds of the sale of land, its claim is not affected by the rule against attaching property held as tenants by the entirety. Although the Court would agree that Nanette's consent could effectively destroy the tenancy by the entirety and entitle the IRS to the entire proceeds, her subsequent actions do not affect the priority of the liens. Davies' lien had already attached prior to Nanette's consent and would still have priority over any subsequent attachment of the government's lien. *See American National Bank,* 255 F.2d at 507.

### B. *Effect of Foreclosure*

■ The IRS contends that Davies' lien was discharged by the foreclosure order which distributed the surplus proceeds directly to the Bartons. Because notice of the foreclosure proceeding was filed with the Land Court prior to the attachment of Davies' lien, the Court agrees.

■ It is well established that a decree of foreclosure in a mortgage foreclosure action extinguishes the liens of junior lienors who are parties to the action. H.R.S. § 667–3; *Powers v. Ellis,* 56 Haw. 587, 588, 545 P.2d 1173 (1976). Thus, the state court adjudicating the foreclosure action must decide how the surplus proceeds will be disbursed to the junior lienors. *Bank of Hawaii v. Horwoth,* 71 Haw. 204, 209 n. 7, 215, 787 P.2d 674 (1990). Junior lienors must plead their claims to any surplus remaining after satisfaction of the senior mortgage as cross-claims pursuant to Fed.R.Civ.P. 13. *Powers,* 56 Haw. at 588, 545 P.2d 1173. The state court may then adjudicate the status of the junior liens during the proceeding to foreclose the senior mortgage or may reserve these issues for later determination. *Id.*

In the case at bar, the state court addressed disbursement of the surplus proceeds when it approved the commissioner's sale of the foreclosed property. At that time, the court awarded the surplus to the mortgagees. Although the IRS was a party to this action, Davies was never named as a party nor did it seek to intervene. No appeal has been taken in the state action.

■ Although Davies was not a party to the state action, its lien was extinguished by the foreclosure proceeding. Davies is bound by the state court decision pursuant to Hawaii's *lis pendens* statute for property registered with the Land Court which provides:

No ... action affecting the title to real property ... shall have any effect upon registered land as against persons other than the parties thereto, unless a full memorandum thereof, containing also a reference to the number of certificate of title of the land affected is filed or recorded or registered. H.R.S. § 501–151 (Supp.1994).

Under the statute, parties obtaining an interest in property that is subject to an action properly recorded in the Land Court have constructive notice of the claims being asserted before the Land Court and will be bound by the outcome of that suit. *See Harada v. Ellis,* 4 Haw.App. 439, 443 (1983) (discussing analogous statute for pendant actions recorded in the bureau of conveyances); *Kaapu v. Aloha Tower Development Corporation,* 72 Haw. 267, 269, 814 P.2d 396 (1991) (same). Davies obtained and recorded its judgment after Associates filed pendency of its foreclosure action with the Land Court. Therefore, Davies had constructive notice of the law suit and is bound by the state court's orders.

Because Davies' interest in the property was extinguished by the state court foreclosure proceeding, Davies does not have a legal interest in the surplus proceeds levied by the IRS. Therefore Davies does not have the right to bring an action in this Court pursuant to 26 U.S.C. § 7426.

### CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's cross motion for summary judgment.

IT IS SO ORDERED.