**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000682
30-JAN-2025
07:59 AM
Dkt. 94 SO**

NO. CAAP-21-0000682


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DEUTSCHE BANK NATIONAL TRUST COMPANY as
Trustee for RESIDENTIAL ASSET SECURITIZATION
TRUST Series 2004-A9 MORTGAGE PASS-THROUGH
CERTIFICATES Series 2004-I, Plaintiff-Appellee,
v.
DIANA G. BROWN; D. MICHAEL DUNNE, successor trustee of THE
REVOCABLE LIVING TRUST OF HAROLD G. STRAND and MARGARET M.
STRAND; JERRY IVY; OMNI FINANCIAL, INC.; CITIBANK (SOUTH
DAKOTA), N.A., Defendants-Appellees,
and
THE ASSOCIATION OF OWNERS OF THE KUMULANI AT THE UPLANDS AT
MAUNA KEA, an unincorporated association, Defendant-Appellant,
and
JOHN DOES 1-50; DOE ENTITIES 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC11100410K)

### SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant The Association of Owners of the

Kumulani at the Uplands at Mauna Kea (the **AOAO**) appeals from the

"Order Granting in Part and Denying in Part Defendant[-Appellee]

Diana G. Brown's [(**Brown**)] Motion to Dismiss Plaintiff's

Complaint Filed on September 23, 2011 Pursuant to [Hawai‘i Rules of Civil Procedure (**HRCP**)] Rule 41(a)(2)" (**Order**), filed on November 5, 2021 by the Circuit Court of the Third Circuit (**Circuit Court**).[1]

## I.   BACKGROUND

This appeal arises out of a foreclosure complaint (the **Complaint**) brought by OneWest Bank, F.S.B. (**OneWest Bank**), on September 23, 2011, against the AOAO and Brown, among others. The Complaint alleged that Brown had defaulted on a $548,000 note and mortgage assigned to OneWest Bank that covered Brown's interest in the Property.

The AOAO filed its Answer to the Complaint on October 21, 2011, in which it asserted, as its Third Affirmative Defense,

> 5.  Hawaii Revised Statutes § 514B-146(a) gives to [the AOAO] a lien for all sums assessed but unpaid for the share of common expenses chargeable to the subject [P]roperty. This lien is superior and has priority over all other liens except for liens for taxes and assessments lawfully imposed by governmental authority against the subject [P]roperty and all sums unpaid on any mortgage of record that was recorded prior to the recordation of a Notice of Lien by [the AOAO]. [The AOAO's] Notice of Lien was recorded on January 28, 2008.

The AOAO did not serve Brown with its Answer, nor did it file its own foreclosure complaint.

---

[1]     The Honorable Wendy M. DeWeese presided.

In July 2013, OneWest Bank moved, inter alia, for summary judgment against the AOAO, and for an order for an interlocutory decree of foreclosure. The Circuit Court granted the motion, and entered judgment and Findings of Fact (**FOF**) and Conclusions of Law (**COL**) in favor of OneWest Bank. The Circuit Court foreclosed on the mortgage, appointed a commissioner to take possession of the Property and to sell it, and reserved jurisdiction to determine the party or parties to whom any surplus shall be awarded.

Two public auctions were held. At the first auction, in August 2014, the Property was sold to a third-party buyer for $50,000 subject to confirmation by the Circuit Court. The Circuit Court granted OneWest Bank's motion to re-open bidding, and a second auction was held. The Property this time was sold to OneWest Bank, as the highest bidder, for $815,098.42, and that sale was confirmed by the Circuit Court. The Circuit Court ordered OneWest Bank to close on the sale within 35 days from the filing of the confirmation order – i.e., by April 10, 2015.[2]

OneWest Bank failed to comply with the Circuit Court's deadline for closing the sale, and the AOAO filed a motion

---

[2] The Circuit Court ordered that, upon closing, the proceeds of the Property would be paid in the following order: (1) $2,062,24 to the Commissioner for services and expenses of the sale; (2) $581,972.26 to the Plaintiff in satisfaction of Plaintiff's debt; (3) $116,011.95 to the AOAO for outstanding maintenance fees, master dues, and associated legal fees;(4) the remainder of the proceeds of sale and rental to the escrow for closing of the sale; and (5) any amount remaining in escrow after closing of the sale to Brown.

requesting that OneWest Bank be ordered to pay damages to the AOAO. OneWest Bank in turn moved the Circuit Court, inter alia, to vacate the order confirming the sale of the Property to OneWest Bank, and to instruct the commissioner to conduct a new auction. The AOAO and Brown opposed OneWest Bank's motion. The Circuit Court entered orders denying OneWest Bank's motion and awarded damages to the AOAO.

OneWest Bank appealed. On appeal, this court vacated the Circuit Court's award of damages to the AOAO, concluding that the issue of OneWest Bank's liability for damages was not properly before the Circuit Court. On certiorari, the Hawaiʻi Supreme Court (**Supreme Court**) held that, while "[t]he [C]ircuit [C]ourt was acting within its discretion when it held OneWest [Bank] liable for its failure to close the foreclosure sale by the court-ordered deadline," the Circuit Court abused its discretion in awarding damages to the AOAO. OneWest Bank, F.S.B. v. Ass'n of Owners of Kumulani at Uplands at Mauna Kea, 146 Hawaiʻi 105, 112, 456 P.3d 178, 185 (2020). The Supreme Court explained that "it would not be appropriate to award . . . damages to [the AOAO] based on Brown's underlying obligations to [the AOAO] to which OneWest [Bank] was not a party, particularly when OneWest [Bank] is the senior lienholder." Id. at 114, 456 P.3d at 187. The Supreme Court remanded to the Circuit Court for further proceedings consistent with its opinion, i.e., "for

proper disposition of the [forfeited] down payment amount," which was to be accomplished "by applying the amount to reduce Brown's debt as a penalty for [OneWest Bank's] failure to close the sale[.]"  Id.

On remand, Deutsche Bank National Trust Company as Trustee for Residential Asset Securitization Trust Series 2004-A9 Mortgage Pass-Through Certificates Series 2004-I (**Deutsche Bank**) was substituted as a party for OneWest Bank.  The AOAO moved the Circuit Court for relief, seeking, inter alia, for the Circuit Court to reopen bidding, and to authorize the sale of the Property to a named third-party bidder.  Brown, joined by Deutsche Bank, moved pursuant to HRCP Rule 41(a)(2) for dismissal of the Complaint, on the basis that Brown paid the mortgage in full.

The Circuit Court granted in part and denied in part the AOAO's motion for relief.  The Circuit Court ruled, inter alia, that,

> (3)  **[The AOAO's] request that the Mortgaged Property be sold to James and Mitzi MacCallum for an amount of $638,628.88 is denied.**
>
> (4)  [The AOAO's] request that sales proceeds be distributed as proposed in its Motion is denied without prejudice insofar as the sales price for the Mortgaged Property is not yet known and the Court has questions regarding amounts owed to various parties.
>
> (5)  [Deutsche Bank's] lien of $581,972.26 shall be [reduced by] $81,509.84 for a total lien amount of $500,462.42 in accordance with the Hawaii Supreme Court Opinion filed on January 9, 2020 in this matter.

(6) [The AOAO's] request that its lien be set at $218,085.27 as of April 1, 2020 is denied without prejudice as the Court has questions regarding the amounts owed to various parties and further litigation is necessary.

(7) [The AOAO's] request that [Deutsche Bank] be ordered to pay $98,687.29 to [the AOAO] pursuant to the order filed on January 13, 2015, which ordered [Deutsche Bank] to pay the [AOAO's] fees and dues commencing September 1, 2014 to the date of closing, is denied without prejudice as further litigation is necessary.

. . . .

(9) **The Mortgaged Property shall be sold at public auction** according to Paragraphs 4 through 14 on pages 7 through 11 of the [FOF and COL], . . . filed June 3, 2014.

(Emphasis added.)

The Circuit Court subsequently granted in part and denied in part Brown's motion to dismiss the Complaint, and provided in relevant part,

(a) [Deutsche Bank's] Complaint filed herein on September 23, 2011 is dismissed without prejudice as to any legal recourse the [AOAO] may have against [Deutsche Bank] and/or [Brown] in connection with the [AOAO's] lien or any unpaid assessments, which may be asserted in a separate independent action.

The Circuit Court's Minute Order, which the Circuit Court attached to and incorporated into its order dismissing the Complaint, explained, among other things, that "[a]llowing Brown to pay off her mortgage with [Deutsche] Bank and retain her [P]roperty and requiring [the AOAO] to pursue its cause of action independently of this case is the just and equitable result under the facts and circumstances of this case. Moreover, [the AOAO] cannot force [Deutsche] Bank to foreclose."

This appeal followed.

6

## II.  POINTS OF ERROR

The AOAO raises three points of error on appeal, contending that the Circuit Court erred in its conclusion that: (1) the AOAO did not assert a cross-claim; (2) the AOAO did not assert a counterclaim; and (3) it had jurisdiction and authority to dismiss the case in violation of its prior orders.

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the AOAO's contentions as follows:

(1) We address the AOAO's points of error out of order to first resolve the question of whether the Circuit Court had "jurisdiction and authority to dismiss the case." See Norris v. Six Flags Theme Parks, Inc., 102 Hawaiʻi 203, 206, 74 P.3d 26, 29 (2003) (noting "[t]he United States Supreme Court has said that jurisdiction generally must precede merits in dispositional order.") (cleaned up).  "The existence of jurisdiction is a question of law [reviewed] *de novo* under the right/wrong standard."  Amantiad v. Odum, 90 Hawaiʻi 152, 158, 977 P.2d 160, 166 (1999) (citation omitted).

The record reflects that, following confirmation of the sale of the Property to OneWest Bank at public auction, OneWest Bank failed to close the sale.  Further litigation ensued.  The Circuit Court, finding that OneWest Bank had

defaulted on closing the sale, awarded damages to the AOAO.  On appeal, the Supreme Court held that, while it was within the Circuit Court's discretion to order OneWest Bank to pay damages, the damages should go towards a reduction of its lien against Brown.  The Supreme Court remanded the matter, instructing the Circuit Court to "apply[] the [damages] amount to reduce Brown's debt as a penalty for [OneWest Bank's] failure to close the sale[.]"  OneWest, 146 Hawai'i at 114, 456 P.3d at 187.

We conclude that, on remand, jurisdiction reverted to the Circuit Court, which sat as a court of equity over this foreclosure proceeding:

> Foreclosure is an equitable action.  Courts of equity have the power to mold their decrees to conserve the equities of the parties under the circumstances of the case.  A court sitting in equity in a foreclosure case has the plenary power to fashion a decree to conform to the equitable requirements of the situation.  Whether and to what extent relief should be granted rests within the sound discretion of the court and will not be disturbed absent an abuse of such discretion.

Peak Cap. Grp., LLC v. Perez, 141 Hawai'i 160, 172, 407 P.3d 116, 128 (2017) (cleaned up).

The Circuit Court had equitable authority to order another public auction for the sale of the Property.  It also had authority to subsequently dismiss the Complaint upon Brown's satisfaction of her mortgage obligations in full.  At the time it dismissed the Complaint, a third public auction was still pending, and Brown could therefore exercise her "common-law

8

right to cure [the] default." Santiago v. Tanaka, 137 Hawaiʻi 137, 156-57, 366 P.3d 612, 631-32 (2016) ("Because equity abhors forfeitures, and regards and treats as done what ought to be done, it is typical in foreclosure cases that a right to cure a default and stop the foreclosure continues up to the day of the confirmation of the sale." (cleaned up).

Therefore, the AOAO's jurisdictional argument lacks merit.

(2) The AOAO contends, as its second and third points of error, that the Circuit Court erred in granting the motion to dismiss because the AOAO had a pending cross-claim and counterclaim. A trial court's ruling on a motion to dismiss is reviewed de novo, under the right/wrong standard. Wright v. Home Depot U.S.A., Inc., 111 Hawaiʻi 401, 406, 142 P.3d 265, 270 (2006).

Irrespective of whether the AOAO had a cognizable cross-claim and/or counterclaim, a point that is disputed by the parties, the record reflects that there were no surplus proceeds against which the AOAO could assert a cross-claim or counterclaim following Brown's full satisfaction of her mortgage obligations.

> The decree of foreclosure in a mortgage foreclosure action extinguishes the liens of junior lienors who are parties. Defenses to the foreclosure complaint are required to be pleaded by such junior lienor defendants and are adjudicated by the decree of foreclosure. The claims of such junior lienors to any surplus remaining after

9

> satisfaction of the senior mortgage, on the other hand, are to be pleaded as pure cross claims pursuant to HRCP Rule 13(g). **Unless there is a surplus after satisfying the mortgage debt, these cross claims have only academic significance.**

Powers v. Ellis, 56 Haw. 587, 588, 545 P.2d 1173, 1174 (1976) (cleaned up) (emphasis added).

The Circuit Court was therefore not wrong in concluding that the AOAO "claimed a right to 'any surplus of the proceeds.' . . . So, even if a valid claim had been asserted by [the AOAO] sufficient to argue against dismissal, . . . there are no surplus proceeds against which such a hypothetical claim could be asserted in this matter."

Therefore, we conclude that the Circuit Court did not err in granting Brown's motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, we affirm the Circuit Court's Order.

DATED: Honolulu, Hawaiʻi, January 30, 2025.

On the briefs:

Kristi L. Arakaki,
for Defendant-Appellant.

Charles R. Prather,
for Plaintiff-Appellee.

Keith M. Kiuchi,
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge