PARADISE HUI HANALIKE, a Hawaii non-profit corpora-
tion, CYNTHIA ANN HOLMES, CHARLES
RICHARD MYERS, AIMEE MOOKLAR MYERS,
CAROL RUTH WHILLIDIN, AZALEE SAY PAU-
LOSKI, JOHN EDWARD PAULOSKI, on behalf of
themselves and all other persons similarly situated,
Plaintiffs-Appellants, *v.* HAWAIIAN PARADISE PARK
CORPORATION, a Hawaii corporation, ALBERT
JOSEPH SIEMAN, GRACE L. SIEMAN, THOMAS N.
EVANS, MARION M. EVANS, CHARLES B. DYER,
ALEXANDER G. WILSON, MARTHA L. WILSON,
CLYDE NEIL BRAZIER, individually, and as representa-
tives of all other persons similarly situated, Defendants-
Appellees

NO. 8699

(CIVIL NO. 6595)

APRIL 25, 1983

LUM, ACTING C.J., NAKAMURA, PADGETT, HAYASHI, JJ., AND
CIRCUIT JUDGE GREIG, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment in favor of the appellees
in a suit brought by the appellants for a mandatory injunction.
We reverse and remand.

Appellant Paradise Hui Hanalike, a Hawaii non-profit corporation, and certain individual lot owners in the Hawaiian Paradise Park subdivision brought an action to require the owners of lots in Increment I of that subdivision to contribute to the maintenance of the private roadways in the subdivision. Increment I contains several thousand lots and the roads in question, apparently, total over a hundred miles in length. The deeds issued to the lot owners in Increment I are silent as to the obligation to contribute to the maintenance of roads.

The court below entered findings of fact and conclusions of law, holding that the lot owners in Increment I, whose deeds did not contain road maintenance clauses, nevertheless had a duty to contribute to road maintenance where their lots abutted on the private subdivision roadways. However, the court dismissed the action because the proposed relief, by way of a mandatory injunction requiring payments to Paradise Hui Hanalike, a non-profit corporation, was inappropriate. The court held that road maintenance by that corporation was ultra vires; that the corporation by-laws deprived out-of-state lot owners of a right to vote for officers and directors of the corporation; and that the proposed means of carrying out the assessments by requiring payments to that corporation were innately unfair.

We agree with the court below that the specific relief of a mandatory injunction requiring payments to the appellant corporation was inappropriate. There was, however, a prayer for general relief and as this court has said:

As Chancellor Hardwicke, quoting 'very eminent counsel,' said 'general relief was the best prayer next to the Lord's Prayer.' (*Cook* v. *Martyn*, 2 Atk. 2, 3, 26 Eng. Rep. 399 [Ch. 1737].)

*Lum* v. *Kwong*, 39 Haw. 532, 542 (1952).

As the *Lum* case recognized when the specific relief sought from a court having equity powers cannot be granted, appropriate relief will be fashioned by the court. *See Eastern I. & M.* v. *Patterson, et als.,* 39 Haw. 346 (1952).

We hold, as did the court below, that the lot owners whose lots abut on subdivision roads have a legal duty to contribute to necessary maintenance of the roads in the subdivision even

though their deeds are silent on the matter. Accordingly, the case is remanded to the circuit court to fashion, by decree, an appropriate remedy to enforce that duty.

Reversed and remanded.

*Stuart H. Oda* for appellants.

*Steven K. Christensen* for appellees.

Joinder on the answering brief:

*Gilbert* and *Janet Silva,* appellees, pro se.