KATSUYO HARADA and LYMAN T. HARADA, Plaintiffs-Appellees, v. FLORENCE A. ELLIS, CHARLEY T. SHIRAISHI, STANLEY UNTEN, and MASARU SUMIDA, Defendants-Appellants, *v.* DAVID B. CASSIDY, Purchaser-Appellee

NO. 8871

(CIVIL NO. 586)

AUGUST 3, 1983

BURNS, C.J., AND HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

In this foreclosure case, which began in 1964, defendants-counterclaimants Masaru Sumida, Charley T. Shiraishi, Stanley Unten, and Florence A. Ellis (defendants) appeal the lower court's judgment in favor of co-counterclaim defendant David B. Cassidy (Cassidy), whose only involvement in this case is that he purchased the property at the foreclosure sale in 1972. We affirm and also hold that Cassidy is entitled to an award of reasonable attorneys' fees on appeal.

The issues and our answers are as follows:

I. Did the lower court err in dismissing defendants' counterclaim for damages against Cassidy? No.

II. Did the lower court err in expunging defendants' notice of *lis pendens* and in enjoining defendants from recording any further notices of *lis pendens,* from purporting to assign any interest in the property, and from interfering with Cassidy's ownership and enjoyment of the property? No.

III. Did the lower court err in ordering defendants to pay Cassidy's attorneys' fees in the amount of $1,500? No.

IV. Is this appeal frivolous? Yes.

On November 21, 1960, defendants executed[1] a $58,000 promissory note payable in annual installments of $7,000 plus interest at 5.5% per annum in favor of Lyman T. and Katsuyo Harada (plaintiffs) and secured it with a purchase money mortgage encumbering 33.91 acres of land in Makawao, Maui (the property). The mortgage contained a clause allowing parts of the property to be released from the mortgage upon satisfaction of specified conditions.

What followed is detailed in *Harada v. Burns,* 50 Haw. 528, 445 P.2d 376 (1968), and in *Ellis v. Cassidy,* 625 F.2d 227 (9th Cir. 1980). Defendants failed to make the payments due, plaintiffs declared the entire debt due and owing, and on September 3, 1964, plaintiffs filed a complaint to foreclose the mortgage (Civil No. 586). On February 26, 1965, defendants counterclaimed for damages allegedly caused by plaintiffs' failure to promptly release part of the property from the mortgage. On March 24, 1966, the lower court filed a decree of foreclosure which stated in relevant part:

> IT IS FURTHER ORDERED, that all the right, title, interest and equity of redemption of defendants FLORENCE A. ELLIS, CHARLEY T. SHIRAISHI, STANLEY UNTEN and MASARU SUMIDA, and all persons claiming under them, in the property. . .and the lien of plaintiffs. . .be and the same are hereby barred and foreclosed[.]

---

[1] Florence A. Ellis signed the note "by her atty. in fact, William S. Ellis, Jr."

This decree did not dispose of the counterclaim. On September 26, 1966, defendants, acting under Hawaii Revised Statutes (HRS) § 634-51 (1976), filed a notice of *lis pendens* in the Bureau of Conveyances notifying all persons interested in the property of the pendency of Civil No. 586.

On September 28, 1966, the lower court dismissed the counterclaim.

The Hawaii Supreme Court affirmed the decree of foreclosure on May 29, 1968 in a memorandum opinion. It reversed the dismissal of the counterclaim on September 26, 1968 in *Harada v. Burns,* 50 Haw. 528, 445 P.2d 376 (1968).

At a public auction on November 30, 1972, Cassidy successfully bid $139,000 for the property.

On December 8, 1972, defendants assigned their interest in the property to William S. Ellis, Jr. (Ellis), who, on December 29, 1972, filed a petition for a real property arrangement under Chapter XII of the Bankruptcy Act. *In re Ellis* (Bk. No. 73-391, District of Hawaii).

On January 10, 1973, the lower court entered an "Order Confirming Sale of Property." On March 26, 1973, the bankruptcy court "ratified and confirmed" this order, and on July 17, 1974, the Hawaii Supreme Court affirmed it.

Ellis then filed suit in the United States District Court for Hawaii against all who were involved in the foreclosure action and sale, including attorneys for the interested parties. The district court dismissed the suit and, concluding that the suit was brought "in bad faith and vexatiously," required Ellis to pay his adversaries' attorneys' fees. In *Ellis v. Cassidy,* 625 F.2d 227 (1980), the Ninth Circuit Court of Appeals affirmed the lower court's decision.

On July 22, 1974, Ellis recorded a supplemental notice of *lis pendens.*

The commissioner's deed to Cassidy was recorded on March 25, 1975. The conveyance was not made subject to defendants' counterclaim or the notice of *lis pendens.*

On February 28, 1979, in *Harada v. Ellis,* 60 Haw. 467, 591 P.2d 1060 (1979), the Hawaii Supreme Court affirmed various orders which the lower court had issued after the decree of foreclosure.

Ellis then purported to convey an interest in the property to

Robert, Pauline, and Timothy Shaw who recorded notices of entry and possession and purported to lease the property to a third party. On July 13, 1979, the United States District Court for Hawaii issued an order in Civil No. 79-0009 voiding the notice of entry and possession, requiring the Shaws to execute documents relinquishing their claim, and enjoining them from any other actions with respect to the property.

On July 31, 1979, Ellis recorded a second supplement to notice of *lis pendens*.

On August 14, 1980, the lower court entered an order expunging all notices of *lis pendens* concerning Civil No. 586 and enjoining Ellis from recording any further notices concerning the case.

On November 20, 1981, Ellis assigned his interest in Civil No. 586 back to defendants who, on January 11, 1982, amended their counterclaim by adding Cassidy as a counterclaim defendant and praying for special and general damages in excess of $500,000, jointly and severally, against all counterclaim defendants, including Cassidy. On January 18, 1982, defendants recorded another notice of *lis pendens* concerning the property and Civil No. 586.

On April 14, 1982, the lower court (1) dismissed the counterclaim as to Cassidy; (2) expunged defendants' January 18, 1982 notice of *lis pendens;* (3) enjoined defendants from recording any further notices of *lis pendens* concerning Civil No. 586, from purporting to assign any interest in the property, and from "otherwise interfering with Cassidy's ownership and enjoyment of the property"; and (4) awarded Cassidy "attorneys' fees and/or sanctions in the amount of $1,500, jointly and severally against" defendants and their attorney, Walter R. Schoettle.[2] This judgment was finalized under Rule 54(b) of the Hawaii Rules of Civil Procedure.

---

[2] Mr. Schoettle did not appeal the lower court's order. Consequently, no matter how this appeal is decided, the lower court's order is valid and enforceable as to him.

I.

Defendants contend that the lower court's order of April 14, 1982 is erroneous because Cassidy, as a purchaser after recordation of a notice of *lis pendens,* will be bound under HRS § 634-51 (1976) by any judgment which may be entered in their favor on the counterclaim.

In support of their contention, defendants point to the following language of HRS § 634-51: "In any action concerning real property. . .the plaintiff. . .may record. . .a notice of the pendency of the action. . . . From and after the time of recording the notice, a person who becomes a purchaser. . .of the property affected shall be. . .bound by any judgment entered therein if he claims through a party to the action[.]"

Defendants argue that under HRS § 634-51, where the complaint or a counterclaim or a cross-claim or a third-party complaint involves real property, the "action" is an "action concerning real property" and a notice of *lis pendens* is authorized. In this case, they contend that since the complaint sought the foreclosure of a real property mortgage, it was an "action concerning real property," and HRS § 634-51 permitted them to record a notice of *lis pendens* concerning their counterclaim. The recordation of the initial notice of *lis pendens* antedated the foreclosure sale and was constructive notice of the counterclaim to the world, including Cassidy. Thus, under HRS § 634-51, Cassidy would be bound by any judgment in defendants' favor on the counterclaim and his liability would not be limited to the value of the property he purchased.

Under the common law doctrine of *lis pendens,* "the filing of a suit concerning real property is notice to people who obtain an interest in the property after the commencement of the suit that they will be bound by the outcome of the suit." *Land Associates, Inc. v. Becker,* 294 Or. 308, 656 P.2d 927, 931 (1982). Under HRS § 634-51, the doctrine does not operate until a notice of *lis pendens* is properly recorded. The purpose of the doctrine is to provide the courts with control over property involved in actions pending before them. 51 Am. Jur. 2d *Lis Pendens* § 1 (1970).

According to defendants, a purchaser of property at a judicial foreclosure sale after proper recordation of a notice of

*lis pendens* is, under HRS § 634-51, personally liable for and the property is subject to a subsequent judgment entered on defendant's counterclaim for damages in the foreclosure action. They argue that this holds true even though the decree of foreclosure specifically extinguished all of defendants' rights with respect to the property and has been affirmed on appeal.

We find defendants' application of HRS § 634-51 to be untenable. It not only conflicts with the purpose of the *lis pendens* doctrine and the court's broad power in foreclosure actions,[3] but also fails to account for the equally applicable judicially created *res judicata* doctrine. That doctrine holds that the finally adjudicated decree of foreclosure and the commissioner's deed conclusively adjudicated and extinguished the claims of defendants and Ellis to the property. *Silver v. Queen's Hospital,* 63 Haw. 430, 629 P.2d 1116 (1980), 46 Am. Jur. 2d *Judgments* § 394 (1969). Thereafter, Civil No. 586 was not an "action concerning real property." It was merely an action for breach of contract damages.

One of the theories advanced in support of both the *res judicata* and *lis pendens* doctrines is that without them litigation could become interminable and the courts would not be able to effectively conclude litigation. 51 Am. Jur. 2d *Lis Pendens* § 3 (1970), 46 Am. Jur. 2d *Judgments* § 395 (1969). Defendants, however, have used the *lis pendens* statute for exactly the opposite purpose. We abhor such deplorable tactics. We will not tolerate them, and we encourage trial courts not to tolerate them.

II.

A court having equity powers has discretion to fashion appropriate relief. *Paradise Hui Hanalike v. Hawaiian Para-*

---

[3] Hawaii Revised Statutes § 667-1 (1976) provides:

§667-1 Foreclosure by action. The circuit court may assess the amount due upon a mortgage, whether real or personal property, without the intervention of a jury, and shall render judgments for the amount awarded, and the foreclosure of the mortgage. Execution may be issued on the judgment, as ordered by the court.

*dise Park Corporation,* 66 Haw. 362, 662 P.2d 211 (1983); *Food Pantry, Limited v. Waikiki Business Plaza, Inc.,* 58 Haw. 606, 575 P.2d 869 (1978); *Fleming v. Napili Kai, Limited,* 50 Haw. 66, 430 P.2d 316 (1967). We find no abuse of discretion in the relief granted by the lower court in favor of Cassidy.

III.

Hawaii Revised Statutes § 607-14.5 (1982 Supp.), which took effect on June 17, 1980, states:

§607-14.5 Attorney's fees in civil actions.

(a) In any civil action in this State where a party seeks money, damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees, in an amount to be determined by the court upon a specific finding that the party's claim was completely frivolous; provided the amount shall not exceed twenty-five per cent of any amount originally prayed for by the party assessed.

(b) In determining the award of attorneys' fees and the amounts to be awarded, the court must find in writing that all claims made by the party are completely frivolous and are totally unsupported by the facts and the law in the civil action.

In this case, the lower court made the necessary findings which we find are amply supported by the record.

Defendants correctly contend that HRS § 607-14.5 should not be applied prior to its June 17, 1980 effective date. However, defendants amended their counterclaim on January 11, 1982 and for the first time named Cassidy as a co-counterclaim defendant. Thus, HRS § 607-14.5 applies to defendants' counterclaim against Cassidy.

IV.

Rule 9(e) of the Rules of the Intermediate Court of Appeals of the State of Hawaii (1979) states:

Frivolous Appeals. In civil cases where the court finds that the appeal is frivolous or has been sued out merely for delay, the court may award reasonable attorney's fees as damages against the appellant.

The term "frivolous" has been defined as being "manifestly and palpably without merit." *Kawaihae v. Hawaiian Insurance Co.,* 1 Haw. App. 355, 360-361, 619 P.2d 1086, 1090 (1980). That definition aptly describes defendants' appeal. Consequently, upon an appropriate motion for the determination of the amount thereof, we will order defendants to pay Cassidy's reasonable attorneys' fees on appeal.

Affirmed.

*Walter R. Schoettle* for appellants.

*Thomas M. Culbertson (David A. Johnson* with him on the briefs; *Paul, Johnson & Alston* of counsel) for appellee.