*749 OPINION

Per Curiam:

This petition for a writ of mandamus challenges the district court’s order denying petitioners’ motion to expunge a lis pen-dens filed by Carol Gates Read, real party in interest, on property owned by petitioners. For reasons expressed hereafter, the writ will issue.

FACTS

Since 1952, petitioners Al and Bonnie Levinson have been the owners of over 100 acres of land (“the property”) situated in the Red Rock Canyon area west of Las Vegas in Clark County. The Levinsons are also the major shareholders of Bonnie Springs Ranch, Inc. (“the Ranch”). The Ranch operated a bar, restaurant, hotel, petting zoo, and the Old Nevada theme attraction on the property. Prior to 1986, the Ranch rented horses to its patrons and Ranch personnel accompanied the patrons on trail rides. In 1986, the stable venture was incorporated as Bonnie Springs Riding Stables, Inc. (“the Stable”), with Al and Bonnie Levinson as the only shareholders. Earlier, in 1981, the Levinsons had quitclaimed most of their property to the Al and Bonnie G. Levinson revocable trust, in which they designated themselves as trustees.
On March 5, 1989, Read, a patron of the Stable, was injured when she fell from the horse she had rented. That same year, A1 and Bonnie Levinson were the President and Secretary-Treasurer, respectively, of both the Stable and the Ranch. At the time of the accident, the Stable did not maintain liability insurance.
On January 12, 1990, Read filed a complaint against the Stable for personal injuries sustained when she fell from the horse. Read contends that shortly after the filing of her complaint, the Levin-sons began fraudulently transferring various of their properties. Read further alleged that the Stable’s only asset was a small checking account.
After a bench trial, the district court entered judgment in favor of Read in the amount of $155,370.15. Read contends that the day after the trial judge orally announced the judgment, the Stable transferred its business license to Redrock Riding Stables, Inc., a newly formed corporation. One month later, Read attempted to amend her complaint to allege that the Levinsons were the alter ego of the judgment debtor. The district court determined that the parties should first engage in discovery to ascertain whether Read could prove her alter ego theory, and thereafter return to the court if the evidence warranted further *750 proceedings. Dissatisfied with the court’s initial denial of her motion to amend and join additional parties, Read elected to file a new action in another department of the Eighth Judicial District Court.
Arguing that she was unable to enforce her judgment, Read filed her new complaint against Al and Bonnie Levinson, their children, several trusts and Redrock Riding Stables, alleging alter ego, fraudulent conveyances and constructive trust. Read also caused the filing of a notice of lis pendens on July 24, 1992, in furtherance of an alleged action for the foreclosure of a mortgage upon real property or affecting the title or possession of real property. A hearing was held in district court regarding defendants’ (petitioners) motion to expunge lis pendens, to dismiss or for a grant of summary judgment, all of which were ultimately denied. The Levinsons thereafter filed their petition in this court for a writ of mandamus or, in the alternative, an order directing the district court to cancel and expunge the notice of lis pendens filed by Read.

DISCUSSION

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion. See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981). A writ of mandamus will not issue, however, if petitioner has a plain, speedy and adequate remedy in the ordinary course of law. See NRS 34.170. Moreover, mandamus is an extraordinary remedy entertained and issued strictly as a matter of discretion with this court. See Poulos v. District Court, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); see also State ex rel. Dep’t Transp. v. Thompson, 99 Nev. 358, 662 P.2d 1338 (1983).
As a general proposition, lis pendens are not appropriate instruments for use in promoting recoveries in actions for personal or money judgments; rather, their office is to prevent the transfer or loss of real property which is the subject of dispute in the action that provides the basis for the lis pendens. Evans v. Fulton Nat’l Mortgage Corp., 309 S.E.2d 884, 884-85 (Ga.Ct.App. 1983); see Wyatt v. Whemueller, 785 P.2d 581, 584 (Ariz.Ct.App. 1989), granted in part, vacated in part, 806 P.2d 870 (Ariz. 1991).
Although the doctrine of lis pendens may be applied to actions *751 other than foreclosures, its use is restricted to avoid abuse. Kaapu v. Aloha Tower Dev. Corp., 814 P.2d 396, 397 (Haw. 1991). The court in Burger v. Superior Court of Santa Clara County, 199 Cal.Rptr. 227 (Cal.Ct.App. 1984), pointed out the difficulties which are presented where .a lis pendens is improperly utilized:
It is one thing to say that there may be a colorable claim against real property and another to conclude that the claim is such as to affect the title or the right to possession of the property within the meaning of the lis pendens statute. [The petitioner’s] contention that [the real party in interest] is seeking simply to avoid the complexities of California’s attachment procedure contains the germ of a more general concern. Lis pendens is one of the few remaining provisional remedies available at its inception without prior notice to the adversary. Due process is said to be provided for by subsequent notice and an expungement procedure which casts the burden upon the proponent of the lis pendens, but a lis pendens may cause substantial hardship to the property owner before relief can be obtained. A commentator has expressed reservations as to . . . [a] broad endorsement of lis pendens in claimed constructive trust actions on the ground that it tends “to create a right substantially similar to an ex parte prejudgment attachment of the defendant’s assets, a remedy disfavored in California and severely limited because of its due process problems” (Cal. Lis Pendens Practice, § 2.7, p. 32 (citations omitted)). Overbroad definition of “an action . . . affecting the title or the right of possession of real property” would invite abuse of lis pen-dens.
Id. at 230.
NRS 14.010(1) indicates that it is applicable “[i]n an action for the foreclosure of a mortgage upon real property, or affecting the title or possession of real property. . ."[1] The instant action is not *752 of the type envisioned under this statute. The Stable never had title to the property which is now being “corralled” to satisfy a money judgment. Furthermore, Read is now attempting to encumber the property of the Levinsons despite the fact that they were not parties to her original personal injury action. While Read has presented relevant case law indicating that lis pendens may apply to actions designed to avoid conveyances or transfers in fraud of creditors, she has not adequately demonstrated actionable fraud in the instant case. As discussed by the Burger court, Read has merely attempted to obtain what amounts to a prejudgment attachment on Levinsons’ property through the guise of an action implicating a provisional lis pendens remedy. Read contends without credible evidence, that the Levinsons’ real property is the only asset which would satisfy her claim. Even if we were to assume that Read’s fears are true, they would not support the relief she seeks by invoking the lis pendens statute. To repeat, lis pendens is not available to merely enforce a personal or money judgment. There must be some claim of entitlement to the real property affected by the lis pendens, a condition wholly absent in the case before us.
The district court erred in refusing to grant petitioners’ motion to expunge the lis pendens, and the Levinsons have no plain, speedy and adequate remedy in the ordinary course of law. We therefore order the Clerk of this court to forthwith issue a writ of mandamus directing the district court to expunge the lis pendens on petitioners’ real property.

NRS 14.010(1) indicates in pertinent part:
NRS 14.010 Notice of pendency of actions affecting real property: Filing.
1. In an action for the foreclosure of a mortgage upon real property, or affecting the title or possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, if affirmative relief is claimed in the answer, shall file with the recorder of the county in which the property, or some part thereof, is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action and a description of the property in that county affected thereby, and the defendant shall also in the notice state the nature and extent of the relief claimed in the answer.