■ NEXBANK, SSB, Respondent, v JEFFREY SOFFER et al., Appellants. [11 NYS3d 135]—Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 2, 2014, which denied defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

The motion court correctly concluded that Nevada law applies to the definition of "lien," as found in the guaranty. The guaranty provides that the definition is to be drawn from the loan agreement, which in turn provides that "lien" is to be construed in accordance with Nevada law.

Defendants triggered the guaranty when they filed a lis pendens on the property, since the lis pendens falls within the definition of lien as an "encumbrance" under Nevada law (see e.g. Uranga v Montroy Supply Co. of Nevada, 281 P3d 1227 [2009] [table; text at 2009 WL 1440762, *2 (Nev 2009)]

["Uranga encumbered Wojna's personal residence with a notice of lis pendens"]; *Levinson v Eighth Jud. Dist. Ct. of the State of Nevada*, 109 Nev 747, 752, 857 P2d 18, 21 [1993] [by placing a lis pendens on it, "Read is now attempting to encumber the property"]; *see also Guertin v OneWest Bank, FSB*, 2012 WL 3133736, *3, 2012 US Dist LEXIS 106244, *7 [D Nev 2012] [expunging "lis pendens encumbering the property"]).

By explicitly agreeing in the guaranty that, notwithstanding any other occurrence whatsoever, the only defense to their obligations thereunder would be the full and final payment and satisfaction of their guaranteed obligations, including the payment of plaintiff's attorneys' fees, defendants waived the defense of res judicata (*see Stoner v Culligan, Inc.*, 32 AD2d 170 [3d Dept 1969]). Concur—Tom, J.P., Friedman, Sweeny, Saxe and Clark, JJ.