NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEVERTY & ASSOCIATES LAW CHTD., a Nevada Professional Corporation, <br><br>     Plaintiff-counter-defendant-Appellant, <br><br>   v. <br><br> JULIANA LOZA EXLEY, spouse and personal representative of the estate of Ray Warren Exley, <br><br>     Defendant-counter-plaintiff-Appellee. | No.   19-15545 <br><br> D.C. No. 3:17-cv-00175-MMD-WGC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted December 8, 2020[**]
San Francisco, California

Before:  BOGGS,[***] M. SMITH, and BENNETT, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Leverty & Associates Law Chtd. ("Leverty") appeals the district court's order expunging a lis pendens on real property located at 429 Panorama Drive, Stateline, Nevada, (the "Property") that was owned by Ray Exley ("Exley"). His spouse, Juliana Loza Exley, is the personal representative of the Exley estate and is the substituted party on appeal. We affirm.

The underlying action is a suit by Leverty against Exley to recover attorneys' fees accrued during a separate proceeding in Nevada state court. At a settlement conference, the parties orally agreed on the record to the essential terms of a settlement in which Exley would pay the outstanding attorneys' fees. After further negotiations over the settlement language fell apart, the district court judicially enforced the settlement agreement. Around the same time, Leverty filed a lis pendens against the Property. The district court ordered the lis pendens expunged because the lawsuit did not affect the title or possession of real property and, in any case, was no longer pending.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's interpretation of state law. *Asante v. Cal. Dep't of Health Care Servs.*, 886 F.3d 795, 799 (9th Cir. 2018). We also review de novo the district court's interpretation that the settlement agreement did not affect real property. *See Parsons v. Ryan*, 912 F.3d 486, 495 (9th Cir. 2018).

Nevada Revised Statute 14.010 provides for the filing of a lis pendens (also

called a notice of pendency of action) "[i]n an action for the foreclosure of a mortgage upon real property, or affecting the title or possession of real property." Nev. Rev. Stat. 14.010(1); *see also id.* at 14.010(2) (same lis pendens procedure for federal cases as for state cases). Thus, to support a lis pendens, "[t]here must be some claim of entitlement to the real property affected by the lis pendens." *Levinson v. Eighth Judicial Dist. Ct.*, 857 P.2d 18, 21 (Nev. 1993).

Leverty argues that the district court's order enforcing the settlement agreement with Exley gave Leverty an entitlement to the Property. We disagree. The relevant part of the order provides that "to the extent that Exley . . . wished to obtain refinancing" to perform the agreement, Leverty would work in good faith to accommodate such refinancing.[1] That provision does not obligate Exley to refinance the Property. Nor does the agreement give Leverty any legal interest in the Property; Leverty's interest remains limited to the money judgment only. *See BGJ Assocs., LLC v. Superior Ct.*, 75 Cal. App. 4th 953, 89 Cal. Rptr. 2d 693, 703 (1999) ("[A]n action for money *only*, even if it relates in some way to specific real property, will not support a lis pendens."); *accord Weddell v. H2O, Inc.*, 271 P.3d 743, 751 (Nev. 2012).

Leverty also suggests that the settlement agreement's incorporation of the

---

[1] This language is substantially similar to the corresponding clause in the operative settlement agreement that the district court enforced.

3

attorney's lien turns this action into one that affects the title or possession of real property. But the lien was granted in the separate Nevada state court proceeding and, thus, does not justify a lis pendens in this action.

Because the enforced agreement does not affect real property within the meaning of Nevada Revised Statute 14.010, the lis pendens was properly expunged.

**AFFIRMED.**

4