NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCUS FOSTER,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>MIDFIRST BANK; QUALITY LOAN<br>SERVICE CORPORATION; MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS,<br><br>               Defendants-Appellees. | No.   22-15923<br><br>D.C. No.<br>2:22-cv-00526-CDS-NJK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted July 17, 2023[**]
San Francisco, California

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Plaintiff-Appellant Marcus Foster appeals the district court's dismissal of his

action against Defendants-Appellees MidFirst Bank ("MidFirst"), Mortgage

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Electronic Registration Systems ("MERS"), and Quality Loan Service Corporation ("Quality"). Foster sued Defendants-Appellees seeking to prevent or invalidate the foreclosure sale of his property as fraudulent. After Defendants-Appellees moved to dismiss, Foster filed a notice of *lis pendens*. The district court found that Foster's complaint failed to meet the pleading standard for fraud, dismissed the suit, denied the preliminary injunction, and expunged the notice of *lis pendens*.

We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Even construing pro se filings liberally, Foster's arguments before this court concern solely the bills of exchange he submitted to Defendants-Appellees in an alternative attempt to settle the debt. We only consider arguments that were properly presented to the district court. *See Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014) ("[A]n issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it."). In the notice of *lis pendens*—but not in his complaint—Foster argued that Defendants-Appellees must be compelled to return the bills of exchange. A notice of *lis pendens* was an inappropriate vehicle for this relief, however. *See Levinson v. Eighth Jud. Dist. Ct.*, 857 P.2d 18, 20 (Nev. 1993) (the purpose of *lis pendens* is "to prevent the transfer or loss of real property which is the subject of dispute in the action" the lis

pendens concerns), *abrogated on other grounds*, *Tahican, LLC v. Eighth Jud. Dist. Ct.*, 523 P.3d 550 (Nev. 2023). The district court did not construe Foster's request for relief as an additional claim or provide an opportunity to amend, which was not an abuse of discretion. *See* Fed. R. Civ. P. 15; *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). This request is therefore not properly before this court. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 372 (9th Cir. 1990) ("[O]ur review [at the motion to dismiss stage] is limited to the contents of the complaint."). We do not reach Foster's argument that Defendants-Appellees committed fraud by allegedly refusing to accept or return the bills of exchange because this argument was not adequately presented below.

Foster's brief does not discuss his claims, presented below, that the assignment of the deed of trust securing the promissory note documenting Foster's home loan was invalid for the purposes of foreclosure and therefore the ensuing foreclosure proceedings were fraudulent. We accordingly do not address them here. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

**AFFIRMED.**[1]

---

[1] Foster's motion to compel discovery, Dkt. No. 4, is dismissed as moot.