FILED

MAR 07 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

139 Nev., Advance Opinion 2

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TAHICAN, LLC, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE KATHLEEN E. DELANEY, DISTRICT JUDGE, RESPONDENTS, AND MAX JOLY; PATRICIA JOLY; JEAN FRANCOIS RIGOLLET; LE MACARON, LLC; AND BYDOO, LLC, REAL PARTIES IN INTEREST.

No. 84352

February 2, 2023

Original petition for a writ of mandamus challenging a district court order denying a motion to expunge a lis pendens.

**Petition denied.**

*Cory Reade Dows & Shafer* and *R. Christopher Reade* and *Paul R. Graff*, Las Vegas, for Petitioner Tahican, LLC, and Real Parties in Interest Le Macaron, LLC, and Bydoo, LLC.

*Jennings & Fulton, Ltd.*, and *Jared B. Jennings, Adam R. Fulton*, and *Logan G. Willson*, Las Vegas, for Real Parties in Interest Max Joly and Patricia Joly.

*Jean Francois Rigollet*, Henderson, Pro Se.

Before the Supreme Court, CADISH and PICKERING, JJ., and GIBBONS, Sr. J.[1]

## OPINION

By the Court, CADISH, J.:

NRS 14.010(1) permits a party to an "action . . . affecting the title or possession of real property" to record a "notice of the pendency of the action," commonly referred to as a "lis pendens." In construing this provision in *Levinson v. Eighth Judicial District Court*, we stated that a party who records a lis pendens must have some claim of entitlement to the property. 109 Nev. 747, 752, 857 P.2d 18, 21 (1993).

---

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

24-08295

In this original proceeding, we consider whether a creditor's claim seeking avoidance of a fraudulent transfer of real property under Nevada's Uniform Fraudulent Transfer Act may support the recording of a lis pendens even though the creditor does not claim an interest in the property but instead seeks to transfer title back to the debtor. In doing so, we clarify the statement in *Levinson* and hold that the plain language of NRS 14.010(1) does not limit a lis pendens to actions in which the plaintiff claims an ownership or possessory interest in the property. We conclude that a fraudulent transfer claim seeking avoidance of the transfer of real property is one "affecting the title or possession of real property" under NRS 14.010(1) and thus supports a lis pendens. Accordingly, we conclude that the district court did not err in denying the motion to expunge the lis pendens.

## FACTS AND PROCEDURAL HISTORY

Real parties in interest Max Joly and Bydoo, LLC, formed a partnership, Le Macaron, LLC, to operate restaurants. They later entered into a purchase agreement whereby Joly agreed to transfer his shares in Le Macaron to Bydoo in exchange for $360,000. Joly assigned his shares, but Bydoo did not make the payments required under the purchase agreement. In April 2016, Joly filed a complaint against Bydoo, Jean Francois Rigollet (the owner and sole member of Bydoo), and Le Macaron, alleging, among other things, breach of contract, fraud in the inducement, and fraud. Less than a month later, Bydoo transferred real property located in Henderson, Nevada, to petitioner Tahican, LLC, by quitclaim deed. Joly subsequently recorded a notice of lis pendens against the Henderson property.

Rigollet sought to expunge the lis pendens, arguing that the Henderson property was not the subject of the lawsuit and Joly could not record a lis pendens on the property merely to secure payment for any judgment he might eventually obtain against Bydoo or Rigollet on his breach of contract and fraud claims. Joly then amended his complaint to add Tahican as a defendant and to allege additional claims of conversion and fraudulent transfer. In the amended complaint, Joly alleged that Bydoo quitclaimed multiple properties to Tahican (for which Rigollet was the registered agent and one of two managers) without adequate consideration in anticipation of and during the pending litigation, thereby fraudulently divesting Bydoo of assets. Joly also opposed Rigollet's motion to expunge, arguing that the lis pendens was proper because his fraudulent transfer claim "affect[s] the title or possession" of the Henderson property within the meaning of NRS 14.010(1).

The district court denied Rigollet's motion to expunge, finding that Joly's claim for fraudulent transfer established a valid legal basis for recording the lis pendens. The court subsequently granted summary judgment in Joly's favor on the majority of his claims, including the fraudulent transfer claim. As to that claim, the district court found that the defendants fraudulently transferred Bydoo's properties in anticipation of and during the pendency of this litigation. The court did not decide what relief Joly was entitled to at that time because there remained a factual dispute about the applicable operating agreement.

Tahican then filed a second motion to expunge the lis pendens, arguing that none of Joly's claims sought ownership or possession of the property and Tahican was not a party to the litigation when the lis pendens was recorded. After a hearing, the district court denied the second motion to expunge, determining that the lis pendens was tied to Joly's claim of fraudulent transfer and was proper "because the outcome of the case could affect the ultimate ownership of the property." Tahican now seeks a writ of mandamus instructing the district court to expunge the lis pendens.

## DISCUSSION

Tahican argues that the district court erred in finding that Joly's fraudulent transfer claim can support a lis pendens. Tahican contends that the lis pendens was improper because Joly had no direct interest in the property himself but sought only to return the property to Bydoo so that it can be used to secure any money judgment Joly obtains against Bydoo, which is an improper use of a lis pendens.

### We elect to consider the petition for a writ of mandamus

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, NRS 34.160, or to control an arbitrary or capricious exercise of discretion, *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). The decision to entertain a mandamus petition is within our sole discretion, and the petitioner has the burden of demonstrating that such extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). A writ of mandamus is not available when the petitioner has a plain, speedy, and adequate remedy at law. NRS 34.170. The right to appeal from an adverse final judgment is generally an adequate legal remedy that will preclude writ relief, but whether a future appeal is sufficiently speedy depends on factors such as "the underlying proceedings' status [and] the types of issues raised in the writ petition." *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474-75, 168 P.3d 731, 736 (2007).

Tahican lacks a speedy and adequate legal remedy. An order denying a motion to expunge a lis pendens is not substantively appealable. *See* NRAP 3A(b) (listing appealable orders). And a future appeal from a final judgment in the underlying case is not an adequate remedy given that a lis pendens impedes the property's marketability and thus "may cause substantial hardship to the property owner." *Levinson*, 109 Nev. at 751, 857 P.2d at 21 (internal quotation marks omitted). In addition, this petition presents a purely legal issue concerning the availability of a lis pendens in a fraudulent transfer action, an issue that we touched upon but never resolved in *Levinson*. We are concerned that some of the language in *Levinson*, as well as in *Weddell v. H20, Inc.*, 128 Nev. 94, 106, 271 P.3d 743, 751 (2012), and subsequent unpublished orders relying on them, may have misled lower courts about the availability of a lis pendens in certain actions, and this petition provides us the opportunity to clarify the law in this area. Accordingly, we elect to exercise our discretion and consider the petition.

*A fraudulent transfer claim seeking to avoid the transfer of real property "affect[s] the title" of the property within the meaning of NRS 14.010 so as to support a lis pendens*

The sole issue in this petition is whether a claim of fraudulent transfer of real property seeking avoidance of the transfer supports the recording of a lis pendens. This issue presents a purely legal question that we review de novo. *See Int'l Game Tech.*, 124 Nev. at 198, 179 P.3d at 559 (applying de novo review to questions of law in the context of a writ petition).

A lis pendens serves as constructive notice to potential purchasers or lenders that the real property described in the lis pendens is the subject of a pending lawsuit. NRS 14.010(3). As noted, a lis pendens may be recorded by a party "[i]n an action . . . affecting the title or possession of real property." NRS 14.010(1). After a lis pendens is recorded, the property owner may move to expunge the lis pendens pursuant to NRS 14.015. To maintain the lis pendens, the party who recorded it has the burden of establishing, among other things, that the lis pendens is proper and that the party is likely to prevail in the action and as a result will be entitled "to relief affecting the title or possession of the real property." NRS 14.015(2), (3). If the party fails to meet its burden, the district court must order the lis pendens expunged. NRS 14.015(5).

The central question here is whether a claim of fraudulent transfer "affect[s] the title or possession of real property" within the meaning of NRS 14.010(1). Tahican asserts that this court has already answered that question in *Levinson*. We disagree.

In *Levinson*, this court considered the propriety of a lis pendens in an action alleging fraudulent conveyance and constructive trust. 109 Nev. at 750, 857 P.2d at 20. This court ultimately held that the action was not one "affecting the title or possession of real property" as was contemplated by NRS 14.010(1). *Id.* at 751-52, 857 P.2d at 21. In reaching this conclusion, this court did not decide that a fraudulent transfer claim can *never* be a basis for a lis pendens; rather, the court determined that the plaintiff's fraudulent transfer claim was without merit, given that the plaintiff had not "adequately demonstrated actionable fraud." *Id.* at 752, 857 P.2d at 21. The court acknowledged, however, that the plaintiff had "presented relevant case law indicating that lis pendens may apply to actions designed to avoid conveyances or transfers in fraud of creditors." *Id.* Thus, the court left open the issue of whether a lis pendens may be proper in a fraudulent transfer action where the plaintiff demonstrates actionable fraud. We must now decide that precise issue.

A fraudulent transfer claim under Nevada's Uniform Fraudulent Transfer Act (UFTA) is a claim by a creditor that a debtor transferred property with the intent to defraud the creditor by placing the property out of the creditor's reach. NRS 112.180(1)(a); *see also Herup v. First Bos. Fin., LLC*, 123 Nev. 228, 232, 162 P.3d 870, 872 (2007). The UFTA sets forth remedies for a fraudulent transfer, one of which is the "[a]voidance of the transfer . . . to the extent necessary to satisfy the creditor's claim." NRS 112.210(1)(a). When a creditor seeks this statutory remedy of avoidance, the district court may void the transfer of title to the property and return title to the debtor. *See* 37 Am. Jur. 2d *Fraudulent Conveyances and Transfers* § 116 (2015) (providing that a fraudulent transfer "is void or voidable and will be set aside in a proper proceeding"); *see also Farris v. Advantage Capital Corp.*, 170 P.3d 250, 252 (Ariz. 2007) (stating that the avoidance remedy for a fraudulent transfer "allows a court to undo a transaction, thus, returning title to its rightful owner"). This transfer of title back to the debtor necessarily affects the title of the property. We thus conclude that a fraudulent transfer action seeking avoidance of a transfer of real property constitutes an action "affecting the title or possession of real property" within the meaning of NRS 14.010(1).

Tahican nevertheless argues that a creditor's fraudulent transfer claim cannot support a lis pendens because the creditor has no direct interest in the property and only seeks to make the property available for the collection of a judgment. As support, Tahican relies on statements in *Levinson*, 109 Nev. at 752, 857 P.2d at 21, and *Weddell*, 128 Nev. at 106, 271 P.3d at 751, requiring a party who records a lis pendens to have some entitlement to title or possession of the property.

The lis pendens statutes, however, do not impose such a requirement. Rather, NRS 14.010(1) requires only that the action "*affect*[ ] the title or possession of real property." (Emphasis added.) It does not restrict a lis pendens to an action seeking the title or possession of real property. And NRS 14.015, which sets forth the requirements to defeat a motion to expunge a lis pendens, requires the party who recorded the lis pendens to show "*entitle[ment] to relief affecting* the title or possession of the real property." (Emphasis added.) It notably does not require the party to show entitlement to the title or possession. We must give effect to the plain language of NRS 14.010 and NRS 14.015. *See Chur v. Eighth Judicial Dist. Court*, 136 Nev. 68, 72, 458 P.3d 336, 340 (2020). Thus, we disavow *Levinson* and *Weddell* to the extent they suggest that a lis pendens must be grounded in a claim of ownership or possessory interest in the real property.[2]

Tahican also contends that allowing the use of a lis pendens in fraudulent transfer actions would invite abuse of the lis pendens statutes, a concern cited in *Levinson* as a basis for restricting the availability of a lis pendens. In *Levinson*, this court explained that the purpose of a lis pendens is "to prevent the transfer or loss" of the real property while the dispute involving the property is ongoing and that "lis pendens are not appropriate instruments for use in promoting recoveries in actions for personal or money judgments." 109 Nev. at 750, 857 P.2d at 20. The court discussed the need to restrict the use of a lis pendens to avoid abuse: "Lis pendens is one of the few remaining provisional remedies available at [the case's] inception without prior notice to the adversary," and as such, it "may cause substantial hardship to the property owner before relief can be obtained." 109 Nev. at 751, 857 P.2d at 20 (quoting *Burger v. Superior Court*, 199 Cal. Rptr. 227, 230 (Ct. App. 1984)). Recognizing the danger that a lis pendens may be improperly utilized to avoid the more onerous procedures involved in obtaining a prejudgment attachment, *Levinson* emphasized that a "lis pendens is not available to merely enforce a personal or money judgment." *Id.* at 752, 857 P.2d at 21. We today reiterate that a lis pendens may not be used in place of a writ of attachment to secure the ultimate collection of an anticipated money judgment. However, *Levinson* did not conclude that the potential for such abuse justifies ignoring the plain language of the lis pendens statutes when, as here, a party's substantive claim for relief *itself* seeks relief affecting title to real property and the other statutory requirements are met.

---

[2]This opinion has been circulated among all justices of this court, any two of whom, under IOP 13(b), may request en banc review of a case. The two votes needed to require en banc review in the first instance of the question of disavowing in part *Levinson* and *Weddell* were not cast.

To the extent some may fear parties will improperly assert such fraudulent transfer claims along with routine claims for money damages to be able to record a lis pendens, the lis pendens statutes are themselves designed to prevent and discourage such abuse. NRS 14.015 provides for an expedited process to expunge an improperly recorded lis pendens and places the burden on the party who recorded the lis pendens to show that the lis pendens is proper and should not be expunged. The statute requires the recording party to demonstrate not only that the action affects the title or possession of the property, NRS 14.015(2), but also that the action has merit and that, if the recording party prevails, the party will be entitled to relief "affecting the title or possession of the real property." NRS 14.015(3). If the recording party fails to establish any of the requirements in NRS 14.015, the court must expunge the lis pendens. NRS 14.015(5). And, even if the recording party establishes all of the requirements to maintain the lis pendens, the court may still order expungement if the property owner posts a bond sufficient to secure adequate relief for the recording party. NRS 14.015(6). In addition, a person who knowingly files a groundless lis pendens may be subjected to criminal charges or a civil lawsuit. NRS 205.395. In sum, we conclude that the lis pendens statutes adequately account for and protect against any potential abuses.

In contrast, adopting Tahican's position would significantly frustrate the UFTA's purpose: "to prevent a debtor from defrauding creditors by placing the subject property beyond the creditors' reach." *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 622, 426 P.3d 593, 597 (2018). The UFTA does not allow for a transfer of property to be voided in a fraudulent transfer action if the transferee took the property in good faith for a reasonably equivalent value. NRS 112.220(1). Thus, if a lis pendens is not available to creditors in fraudulent transfer actions, the property could be transferred to a good faith transferee during the litigation, which would "cut off the creditor's rights, and the court's power, to undo the prior transfer." *Farris*, 170 P.3d at 252. "Without the creditor's lis pendens, evasive debtors may secure the benefit of their fraudulent transfers and impede collection." *Id.* An interpretation of the lis pendens statutes as applying to a fraudulent transfer claim seeking avoidance of the transfer of real property comports with and furthers the purpose of the UFTA. Such an interpretation also serves the purpose of the lis pendens statutes, as it protects a party from having their claim involving title to real property defeated by the transfer of the property to a bona fide purchaser during the course of the lawsuit. Other jurisdictions with similar lis pendens and fraudulent transfer statutes have likewise concluded that a fraudulent transfer claim may support a lis pendens where the claim seeks to void a real property

transfer. *See, e.g., id.; Kirkeby v. Superior Court*, 93 P.3d 395, 400 (Cal. 2004). We therefore conclude that this result harmonizes the applicable statutes and is faithful to their plain language.

## *CONCLUSION*

Though we entertain this writ petition, we decline to provide the relief Tahican seeks. Because a fraudulent transfer claim seeking avoidance of the transfer of real property is an "action . . . affecting the title or possession of real property" within the meaning of NRS 14.010(1), the district court did not err in denying Tahican's motion to expunge the lis pendens. Accordingly, we deny the writ petition.

PICKERING, J., and GIBBONS, Sr. J., concur.

---

NOTE—As a service to members of the bench and bar, these printed advance opinions are mailed out as soon as possible after opinions are filed. The court's opinions are subject to modification or withdrawal, including as a result of action taken on petitions for rehearing. Any such action taken by the court will be noted on subsequent advance sheets.

This opinion is subject to format revision before publication in the *Nevada Reports* or in the *Pacific Reporter*. Readers are requested to notify the Supreme Court Clerk of any typographical or other formal errors so that corrections may be made before they go to press. The Clerk may be contacted by mail at 201 South Carson Street, Carson City, Nevada 89701-4702, by telephone at (775) 684-1600, or by email at nvscclerk@nvcourts.nv.gov.

ELIZABETH A. BROWN, *Clerk*